THE TEXAS LOAN AGENCY V. ROBERT H. TAYLOR ET AL.

No. 223.

1. **Community Property—Wife's Heirs.**
   Upon death of wife leaving children, they are equitable owners of her community interest in property owned at her death, save as against bona fide purchasers from the husband ........................................  48

2. **Notice to Agent.**
   In Kauffman v. Robey, 60 Texas, 308, the doctrine is announced, that the principal is not chargeable with knowledge acquired by his agent in a business other than that of the principal. We think this the correct rule.....  49

3. **Notice—Burden of Proof as to Secret Equity.**
   The burden of proof is upon the party who seeks to engraft a secret equity upon the legal title to prove that the purchaser of the legal title had notice of such equity. The same rule obtains as to mortgagees ................  50

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Fannin County.

*R. R. Hazlewood* and *Richard B. Semple*, for D. E. Taylor et al., plaintiffs in error.

*Bennett Hill* and *Richard B. Semple*, for the Texas Loan Agency, plaintiff in error.—We submit, that the law does not impute to the principal knowledge of the agent acquired many years prior to its employment, as shown in this case. Mech. on Agency, sec. 721; Wade on Notice, secs. 687, 688; The Distilled Spirits, 11 Wall., 356; Le Neve v. Le Neve, 2 Leading Cases in Equity, pp. 169–176; Smith v. Sublett, 28 Texas, 163; Irvine v. Grady, 85 Texas, 123; Harrington v. McFarland, 1 Texas Civ. App., 289; 1 Am. and Eng. Encyc. of Law, 421.

*Short & Hill* filed an argument for the Texas Loan Agency.

*W. A. Dunn* and *W. W. Wilkins*, for defendants in error.—As we understand, the law makes notice to the agent notice to the principal, the principal being as much bound by notice to the agent as if the notice was to himself; hence the law conclusively presumes that the agent communicates to his principal facts coming to his knowledge or that are known to him. Wade on Notice, 672; Johnson v. Harrison, 48 Texas, 257.

GAINES, CHIEF JUSTICE.—This suit was brought by Robert H. Taylor, Jr., Callie Taylor, Louisa Noble, and Mattie Gooch, to recover an undivided half interest in certain tracts of land alleged to be the community property of their father and mother, Robert H. Taylor and Tennessee Taylor. Louisa Noble and Mattie Gooch were married women, and were joined pro forma by their husbands. It was alleged, that Tennessee Taylor was the wife of Robert H. Taylor; that the

lands were acquired during the existence of their marital union; that Tennessee Taylor died in the year 1867; and that R. H. Taylor filed, in the year 1869, an inventory in the County Court, in which these lands were included as a part of the community estate. It was further alleged, that R. H. Taylor conveyed the lands to H. E. Taylor and J. M. Taylor respectively, in trust however for the benefit of himself and of plaintiffs, and that they had been subsequently reconveyed to him. It was also averred, that the tract which was originally conveyed was sold under execution upon a judgment rendered against R. H. Taylor upon a community debt of himself and his deceased wife, Tennessee Taylor, and that at the sale it was purchased by H. E. Taylor for R. H. Taylor, and that the purchase money which was paid by H. E. Taylor was refunded by his father. It was further averred, that R. H. Taylor died in the year 1889, having made his will, by which he devised the lands to D. E. Taylor, his third wife, and to their children, Jay B. Taylor, Y. Taylor, and Toodles Hofmaster; and that in the same year, D. E. Taylor executed a mortgage upon the land to the Texas Loan Agency, in order to secure the payment of a debt for money borrowed of the company by her. The devisees under the will of R. H. Taylor, deceased, and the Texas Loan Agency, as well as two other parties, were made defendants. This brief outline of the leading features of the case as made by the petition is sufficient for the purposes of this opinion. There was a verdict and judgment for the plaintiffs against the defendants named, which judgment was affirmed by the Court of Civil Appeals.

At the last term the appellants applied to this court for a writ of error, and their application was refused. But the Texas Loan Agency having filed a motion for a rehearing, its application was reconsidered and the writ was granted in its favor. At the time of awarding the writ, we were of the opinion that the facts as established by the verdict of the jury, and as confirmed by the Court of Civil Appeals, showed an equitable title in the plaintiffs to an undivided one-half interest in the lands in controversy; and we are still of that opinion. But we think there was error in holding that the loan agency did not occupy the position of a bona fide purchaser without notice.

Taylor & Galloway, a firm of which H. E. Taylor was a member, acted as agents of the Texas Loan Agency in making the loan. They prepared an abstract of the title, as shown by the records of Fannin County, which was sent to the company, together with an affidavit by H. E. Taylor as to certain facts affecting the title. This affidavit disclosed no fact showing that either he or J. M. Taylor ever held the lands in trust for R. H. Taylor or the heirs of Tennessee Taylor—most likely for the reason that he did not believe that such trust ever existed. Upon the question of notice to the Texas Loan Agency, the court gave to the jury the following instructions:

"An innocent mortgagee without notice is one who loans money out, takes a mortgage upon premises to secure the payment of money

actually paid by the mortgagee to the mortgagor without notice of the alleged defect in the mortgagor's title to the land, and without notice of any facts which would have put a man of ordinary prudence upon inquiry, and thereby led to the discovery of such defect.

"If H. E. Taylor and C. L. Galloway, both or either of them, were the agents of the Texas Loan Agency in making said loan, and had notice of plaintiffs' claim to the land, or had notice of facts which would have put a prudent person upon inquiry, which, followed up, would have led to a knowledge of plaintiffs' claim, then such notice to its agents would be notice to the loan agency. If you find for defendants, you will simply say so by your verdict."

The charge was assigned as error, and we think the assignment should have been sustained.

Whether knowledge which an agent has acquired in a business other than that of his principal can be imputed to the principal, is a question upon which there is a conflict of authority. In Kaufman v. Robey, 60 Texas, 308, the doctrine is announced, that the principal is not chargeable with such knowledge. We think this the correct rule. In Irvine v. Grady, 85 Texas, 120, we held, that the doctrine that notice to the agent is notice to the principal, does not rest upon the theory of the legal identity of the two, but that it should be "placed upon the ground that when a principal has consummated a transaction * * * through an agent, it is contrary to equity and good conscience that he should be permitted to avail himself of the benefits of his agent's participation without becoming responsible as well for his agent's knowledge as for his agent's act." Since the principal, if he had conducted the transaction for himself, would in all probability have ascertained the facts which came to the knowledge of the agent in making the transaction, he should not be allowed to avail himself of the circumstance that he acted through an agent, and to say, that although his agent was affected with notice, he acted in good faith. This principle only applies where the agent acquires his knowledge in the transaction of his principal's business; and we therefore think that the doctrine of imputed notice should be limited to cases of that character.

The erroneous instruction requires a reversal of the judgment as to the Texas Loan Agency. It is true that the abstract furnished by Taylor & Galloway, with the accompanying affidavit of H. E. Taylor, clearly apprised the company of the fact that the lands were the community property of R. H. Taylor and Tennessee Taylor. The inventory filed by R. H. Taylor was referred to in the abstract of title and in the affidavit. But the inventory and appraisement, under the law as it then existed, gave R. H. Taylor, the surviving husband, unlimited power of disposition over the community estate. Therefore his deeds to H. E. Taylor and J. M. Taylor, the sheriff's sale under execution issued upon a judgment against R. H. Taylor for a community debt owed by him and his deceased wife, upon their face passed both the legal and equitable title to the land. These conveyances, with the

subsequent deeds from H. E. Taylor and J. M. Taylor to R. H. Taylor, and the devise to Mrs. D. E. Taylor, showed title in her, and disclosed no fact which was calculated to put a prudent man upon inquiry as to the existence of a trust. The plaintiffs relied for a recovery upon a secret equity; and the rule is, that the burden is upon the party who seeks to engraft such equity upon the legal title, to prove that the purchaser of the legal title had notice. McAlpine v. Burnett, 23 Texas, 649. The mortgagee in this case acquired a lien upon the title to the land, both legal and equitable, and the same principle applies. In order for the claim of the plaintiffs to prevail against the mortgage, it was incumbent upon them to show that the mortgagee had notice, either actual or constructive, of their title.

The judgments of the District Court and of the Court of Civil Appeals are affirmed as between the plaintiffs and the defendants Mrs. D. E. Taylor, Jay B. Taylor, Y. Taylor, and Toodles Hofmaster, but they are reversed as to the defendant the Texas Loan Agency, and the cause is remanded, in order that the issue as to notice to the last named defendant may be tried in accordance with the principles announced in this opinion, and in order that the equities as between the parties may be adjusted, in the event that such issue shall be determined in favor of that defendant. The plaintiffs below and the defendants Mrs. D. E. Taylor, Jay B. Taylor, Y. Taylor, and Toodles Hofmaster, joined by her husband, will each pay one-half of the costs of appeal to the Court of Civil Appeals. The Texas Loan Agency will recover of the defendants in error, the plaintiffs below, all costs of this court. This reversal does not affect so much of the judgment of the court below as was rendered in favor of defendants Cobb & Burom.

Delivered February 25, 1895.

BROWN, Associate Justice, did not sit in this case.