## WESTERN UNION TELEGRAPH CO. v. OAKLEY. (No. 7960.)

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1920. Rehearing Denied Jan. 6, 1921.)

**1. Removal of causes ⊚══84—Giving of notice to adverse party necessary.**

Cause is not removed to the federal court, so as to deprive the state court of jurisdiction to allow filing of amended petition presenting a cause not removable, by presentment to the state court of a sufficient application and bond; prior notice of intent not having been given the adverse party, as required by the federal statute.

**2. Appeal and error ⊚══742(4)—Assignment of error must be supported by statement.**

Assignment of error to admission of telegram, over objection, which refers to or mentions no bill of exceptions, cannot be sustained, not being supported by the statement thereunder, which does not show what objection was made, nor that any exception was taken.

**3. Telegraphs and telephones ⊚══68(I)—Mental anguish from incarceration in jail held recoverable for delay in delivering message.**

Mental anguish from being incarcerated in jail can be recovered for negligent delay in delivering telegram, the incarceration being the direct and proximate result of the delay; and not only the message, "Detained here, wire me $30 at once, send care of chief of police," being sufficient on its face to give notice of its importance and the probable injury to the sender from delay, but the company's agent having several times, in season to prevent delay, been told of the importance of the telegram and urged to try and have it delivered.

**4. Telegraphs and telephones ⊚══66(4) — Evidence held to show mental anguish from delayed delivery.**

Evidence in action for delay in delivering telegram *held* to show suffering of mental anguish from incarceration in jail as a result of the delay, though the fact of such suffering was not stated in exact words.

Appeal from District Court, Galveston County; H. C. Hughes, Judge.

Action by Luther M. Oakley against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. Q. McCracken, of Galveston, and Francis R. Stark, of New York City, for appellant.

D. B. MacInerney and John T. Wheeler, both of Galveston, for appellee.

PLEASANTS, C. J. This suit was brought by the appellee to recover damages for the negligent failure of appellant to deliver with reasonable promptness a telegram sent by appellee from the city of Ennis, Tex., to his father at Texas City, Tex.

The original petition sought to recover damages in the sum of $5,000.

The suit was brought to the October term, 1919, of the court below, and on appearance day of said term defendant corporation, which is chartered under the law of the state of New York and has its domicile in that state, presented to the court an application with an accompanying bond for the removal of the cause to the United States District Court for the Southern District of Texas, on the ground of diverse citizenship.

When the application for removal was presented to the court, the attorney for plaintiff orally objected and demurred to its consideration and requested permission of the court to take a nonsuit. Upon presentation of such objections and request, the court stated that their consideration would be passed until the next day.

When the case was called on the next day, the plaintiff withdrew his request for a nonsuit and presented the following exceptions to the application and objections to the removal of the cause:

"Now comes Luther M. Oakley, plaintiff in the above entitled and numbered cause, and demurs and objects to the granting of the application for removal to United States court for the Galveston division, Southern district of Texas, for the following reasons, to wit:

"(1) Defendant has not complied with the statutes of the United States of America in their provisions for the removal of causes, or removal of suits from State to United States District Courts, as declared in title 12, chapter 3, paragraphs 1010 and 1011, United States Compiled Statutes, volume 1, p. 841 et seq., to which reference is hereby made in this, that (quoting paragraph 1011, Procedure for Removal) he (defendant) may make and file a petition, duly verified, in such suit in such state court at the time, or any time before defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal.

"Plaintiff averring that defendant did not file said application until the morning of the appearance day at which time he was required to answer but has not so done and presented said application to the court on the call of the case on the appearance docket, having only filed said application a short time before call of court and asked for an order of said court of transfer to which application plaintiff objected on the ground that he had not seen, nor had plaintiff seen said application, and for the other reasons hereinafter declared.

"(2) Defendant did not file with said application, as by statute required to do, a bond, and has not yet so done at the filing of this motion.

"(3) Defendant did not file the written notice of the filing of said petition (or application) at the time of his filing of said petition for removal, with plaintiff, or his counsel of record, being the adverse parties, or prior to the filing of said application (or petition), and has not up to the filing of this motion so done.

⊚══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Wherefore premises considered plaintiff prays that said application (or petition) be in all things denied."

The court sustained the plaintiff's objection to the removal of the cause on the ground that notice of the application for removal had not been given plaintiff as required by the statutes of the United States. Thereupon plaintiff, with leave of the court, filed an amended petition in which the amount of damages claimed was $2,500.

The defendant excepted to the ruling of the court upon the application for removal, and preserved his exceptions by a proper bill of exception which sets out the proceedings in substance as above stated.

On the trial of the cause special issues were submitted to a jury, and in response thereto the jury found that the defendant was negligent in failing to deliver the telegram set out in the petition within a reasonable time, and that such negligence was the proximate cause of the injury to plaintiff alleged in the petition, and that plaintiff suffered damage in the sum of $200.

Upon this verdict judgment was rendered in favor of plaintiff for $200.

The evidence shows that plaintiff was arrested in Ennis, Tex., on August 14, 1919, for unlawfully riding upon a train. The fine for this offense upon a plea of guilty was $11.70. He was without money to pay the fine, and in order to keep from being placed in jail he got the chief of police, who had him in custody, to send the following telegram to his father at Texas City, Tex.:

"Detained here. Wire me $30.00 at once. Send care chief of police.
    "[Signed]                    Luther."

This telegram was accepted by the defendant's agent at Ennis for transmission to Texas City and delivery to the addressee, plaintiff's father, at about 8:30 a. m. on the date named. The telegram was transmitted to Texas City and was received at the defendant's office there about 9:50 a. m. A messenger was sent with the message to the home of plaintiff's father shortly after 10 a. m. This messenger testified that he went to the door of Mr. Oakley's house and knocked and, receiving no answer, wrote a notice of the receipt of the message and left it on the gallery. No further effort was made to deliver the message, but the messenger met Mr. Oakley on the street about 5 o'clock that evening and told him there was a message for him at the telegraph office. Oakley went at once to the office, procured the message, went home and got the $20, and had the defendant telegraph the money to his son at Ennis care of the chief of police. He testified that he was at home during the day on which the telegram was received at Texas City from about 8 a. m. until he went to town in the evening and met the telegraph

operator. He lives six blocks from the office of the defendant.

The plaintiff testified that, while waiting in the police station at Ennis for an answer to his telegram, he several times called up the defendant's office and inquired about the telegram, and was told by the agent that he could "not get in touch with anything." No reply being received from the telegram, the plaintiff was placed in jail and remained there until about 9 o'clock that night, when he received the money telegraphed him by his father, paid his fine, and was released. In regard to his confinement in jail and the damage thereby sustained by him, he testified:

"I don't know whether the place where I was confined was a cell or not. I was locked up. It was a room that had two-inch pieces of iron about it and had a steel door. The chief of police locked me in there; had one light and no windows. This place was inside the city hall at Ennis, Tex. I don't know what kind of building it was. It was a concrete building. It was the office of the chief of police and also the city fire department for which the building was used. There was three or four cells in there where they kept prisoners.

"At the time I was confined in this place where they kept prisoners, my physical condition wasn't what it ought to be; I wasn't in good condition. The effect that this confinement had on me was that, in the first place, I didn't get anything to eat all the time I was in there. I was in there twelve hours, and I didn't have anything to sleep on but one small thin blanket on a piece of steel. I don't know exactly what to say about what was the condition of my mind. I felt very much embarrassed and very much out of the way. After I left the cell or prison, I was sick and came immediately home and was in bed four days after I got home. That door was locked."

[1] The first assignment of error complains of the ruling of the court upon defendant's application for removal of the cause to the United States District Court.

We do not think the court erred in the ruling. It has been held that, when a sufficient application and bond for removal of a cause from a state court to a federal court under the statutes of the United States has been presented to the state court, the cause is removed without any order of the court being made on the application. State ex rel. Missouri & N. A. R. Co. v. Johnston, 234 Mo. 338, 137 S. W. 595. This may be true in the sense that, if all the requirements of the statute governing the removal of a cause are complied with, any action thereafter taken in the cause by the state court other than to enter the order granting the application is void for want of jurisdiction.

But it is certainly true that the state court has jurisdiction to pass upon the sufficiency of the application and of the proceedings required by the statute to effect the removal, and if the statute has not been complied with

the presentation of the application does not effect a removal, notwithstanding it and the bond filed therewith may be sufficient on their face to entitle the applicant to have the cause removed.

The statute of the United States regulating the removal of a cause from a state court provides that—

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same." Federal Statutes Annotated (1912 Supp.) p. 145, § 29 (U. S. Comp. St. § 1011).

This provision of the statute has been uniformly construed by the courts as mandatory, and, unless such notice is given or waived by the opposite party, the federal court acquires no jurisdiction of the cause and it will be remanded by the federal court. Wanner v. Bissinger (D. C.) 210 Fed. 96; Arthur v. Maryland Casualty (D. C.) 216 Fed. 386; Loland v. Northwest Stevedore Co. (D. C.) 209 Fed. 626.

In the case last cited it is said:

"Before the adoption of the Judicial Code, no notice of a removal application was necessary, but upon the filing of proper petition and bond in the state court it was made the duty of that court to accept the same and proceed no further in the suit. The adoption of the Judicial Code has made an important change in this regard by requiring prior written notice of the petition and bond. This notice is a matter of substance; and, since the right of removal is statutory, all the requirements of the statute must be followed in order to effect the transfer. A prior written notice is therefore an essential step in the proceedings."

Such being the construction of the statute and the fact that no notice of the application was given being undisputed, the trial court correctly held that the cause was not removed by the presentation of the application and bond, and that it had jurisdiction to permit plaintiff to file an amended petition which presented a cause of action not removable under the statute.

[2] The second assignment of error and the proposition and statement thereunder are as follows:

"The court erred in admitting in evidence, over the objection of defendant, the telegram alleged to have been received by B. H. Oakley, and upon which this suit is based, to be used by the plaintiff in giving his testimony as a memorandum to refresh his memory, the said plaintiff not having written said telegram or sent the same, and it not being shown that he did either, and no proper predicate having been laid for its introduction or use as such memorandum.

"Proposition under second assignment of error:

"To permit plaintiff to use the telegram received by his father as a memorandum to refresh his memory as to the contents of a telegram sent by him from another place, and not in his handwriting, was, in effect, the admission of secondary evidence to prove the contents of the written contract between plaintiff and defendant upon which the suit is based, no diligence having been shown to secure the original, or its absence explained, was prejudicial error.

"Statement:

"The plaintiff testified as to the telegram as follows: 'On or about August 14, 1919, I had occasion to send a telegram to my father who was at 505 Third Street North, Texas City, Tex., and I did send a telegram to my father.' (A telegram is here exhibited to the witness.) 'I sent that telegram to my father.' The said telegram was then introduced in evidence over the objection of defendant. Witness continues: 'I wrote that telegram; I was in the chief of police office when I wrote it, and I happened to be there because I was pulled off a G. H. & H. L. coming out of Dallas. * * * After I wrote that telegram I delivered it to the chief of police in Ennis, Tex. I did not pay for the telegram; it was sent collect. The telegram was sent about 8:30 or 9 o'clock in the morning.'"

If the assignment and proposition sufficiently point out the error complained of, they cannot be sustained, because the assignment is not supported by the statement. The statement does not show what objection was made by the defendant to the evidence, nor that any exception was taken to the ruling of the court, and no bill of exceptions is referred to or mentioned in the assignment.

The third assignment, which also complains of the ruling of the court admitting the telegram in evidence, is not followed by any statement other than a reference to the statement made under the second assignment, which is insufficient to sustain the assignment for the reasons before stated.

[3] By the fourth assignment appellant complains of the refusal of the court to instruct the jury to return a verdict in its favor.

The contention under this assignment is that the mental anguish suffered by plaintiff as shown by the pleadings and evidence was not caused by any negligence on the part of the defendant, but by plaintiff's own unlawful act, and none of the anguish suffered by him can be regarded as the natural and usual result of the delay of the defendant in delivering the telegram, and was therefore not within the contemplation of the parties at the time the contract was made.

We cannot agree with these contentions. The only anguish claimed to have been suffered by the plaintiff was caused by his being incarcerated in the jail at Ennis, and his incarceration was shown to have been the direct and proximate result of the failure of the appellant to promptly deliver the telegram.

We think the telegram was sufficient on its face to give defendant notice of its importance and the probable injury plaintiff would sustain by delay in its delivery. In

addition to this, plaintiff testified that he called the agent of defendant at Ennis several times during the morning on which the telegram was sent and told him of its importance and urged him to try and have it delivered. The notice thus given defendant was in ample time to have prevented the delay and thus saved plaintiff from the anguish suffered by him. Telegraph Co. v. Gassett, 15 Tex. Civ. App. 52, 38 S. W. 536.

[4] Under the fifth assignment it is contended that the court should have instructed a verdict for the defendant because the evidence fails to show that plaintiff suffered any mental anguish.

We think the testimony of plaintiff before set out refutes this contention. It is true that he does not state in exact words that he suffered mental anguish during his confinement in the jail, but no other reasonable inference can be drawn from the facts stated by him in regard to the condition of the jail in which he was confined and his physical and mental condition during the time of his confinement.

The remaining assignments present no ground for reversal of the judgment and are all overruled without discussion.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.