**TRIAD CONTRACTORS, INC., et al, Appellants,**

v.

**Connie KELLY, et vir, Appellees.**

**No. 09–90–049 CV.**

Court of Appeals of Texas, Beaumont.

May 16, 1991.

Rehearing Denied May 29, 1991.

Petition for Writ of Error June 13, 1991.

Thomas O. Moses, Lindsey, Moses & Barkley, Beaumont, for appellants.

Sid S. Stover, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal comes to us from the 1st Judicial District Court of Jasper County,

Honorable Joe Bob Golden, Judge presiding. Appellees, Connie Kelly and her husband, Terry Kelly, filed a lawsuit for personal injuries and property damages arising out of an automobile accident which occurred on or about August 7, 1989. This lawsuit was filed on August 31, 1989 against appellants, Triad Contractors, Inc., Newtron, Inc. and Robert Eugene Tidwell.

Upon the filing of appellees' lawsuit, service was obtained by delivering the citation to C.T. Corporation Systems, the registered agent for service of the appellants, on September 14, 1989. The citation along with Plaintiffs' Original Petition was then forwarded by C.T. Corporation Systems and received by the appellant, Triad Contractors, Inc., on September 28, 1989.

Appellant, Triad Contractors, Inc., then transmitted by facsimile the Plaintiffs' Original Petition to its insurance agent, Mayeaux and Larrowe, Inc. on September 28, 1989.

Mayeaux and Larrowe, Inc., appellants' insurance agent, immediately forwarded Plaintiffs' Original Petition and citation to United States Fidelity & Guaranty Company in Beaumont for handling. United States Fidelity & Guaranty was the carrier of liability insurance for appellants. During transmittal and handling of the Plaintiffs' Original Petition and citation, the documents were lost and the lawsuit went unanswered. Appellees obtained a Default Judgment against the defendants for $150,000.

Appellants moved for a new trial alleging that their failure to answer Plaintiffs' Original Petition was not due to conscious indifference or intent, but rather due to an honest mistake on the part of the claims personnel in losing the citation and Plaintiffs' Original Petition.

A hearing was held on Motion for New Trial and the trial judge overruled the motion which is now the basis for this appeal.

▬ Appellants present only one point of error which claims that the trial court erred by overruling the Motion for New Trial filed by appellants.

The Default Judgment in favor of appellees and against appellants was entered on December 14, 1989. Appellants filed their Motion for New Trial on December 21, 1989. On February 20, 1990, appellants, upon leave granted by the trial court, filed their First Amended Motion for New Trial. On February 27, 1990, the trial court overruled appellants' First Amended Motion for New Trial.

Plaintiffs' Original Petition and citation was served on C.T. Corporation Systems by Constable Walter Rankin of Harris County and the Constable's return was filed in Jasper County on September 25, 1989. Originally, only one set of documents were served on C.T. Corporation Systems therefore, C.T. Corporation Systems was served again on the 27th day of September 1989 and the Constable's return was filed in the Jasper District Clerk's office on October 6, 1989.

The citation and Plaintiffs' Original Petition were received by the appellants from C.T. Corporation Systems on September 28, 1989 by one Barbara Bryant, manager of accounting and administration at the Newtron Group and its subsidiary, Triad Contractors, Inc. Mrs. Bryant then forwarded those papers to Mayeaux and Larrowe by facsimile.

Thereafter, Plaintiffs' Original Petition and citation were received by one Jimmy Lee Craft, an accounting executive for Mayeaux and Larrowe, Inc. on September 28, 1989 by facsimile. Jimmy Lee Craft immediately wrote a letter to United States Fidelity & Guaranty in Beaumont and forwarded copies of the suit papers. It was at this point that Plaintiffs' Original Petition and citation were lost. The forwarding letter from Jimmy Lee Craft was received by Ann Collins, a secretary with United States Fidelity & Guaranty on October 2, 1989. Mrs. Collins has no recollections of receiving the lawsuit. After diligent search of the Beaumont office, Mrs. Collins was unable to locate the Plaintiffs' Original Petition and citation even up to the date of hearing of the Motion for New Trial. The record shows that Cindy Vandewater and Cynthia Gutmann, claims adjusters at Unit-

ed States Fidelity & Guaranty Company, also searched the office without locating the Plaintiffs' Original Petition or citation.

On December 19, 1989 appellants received notice of Default Judgment, said notice being immediately faxed to Jimmy Lee Craft at Mayeaux and Larrowe, Inc. on the same date. Upon receipt of that notice, Jimmy Lee Craft immediately contacted United States Fidelity & Guaranty in Beaumont to discuss this matter with Cynthia Gutmann. Jimmy Lee Craft learned that United States Fidelity & Guaranty had no record of the lawsuit.

Our case is factually analogous to *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm.App.1939). In *Craddock*, Plaintiff's Original Petition was served on agents of the insurance company and forwarded to Traveler's Insurance Company, the carrier. Plaintiff's Original Petition was placed on a desk and was accidentally mixed with other mail and not discovered until the day the default was rendered. The *Craddock* court set out three basic considerations as a guide to trial courts in determining whether or not to grant a new trial. The *Craddock* court stated the following rule:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

This has been the law in the State of Texas since 1939 being reiterated in *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984) wherein our Supreme Court again made it clear that the trial court must consider the three elements stated in *Craddock, supra*. First the trial court must find that the failure of defendant to answer Plaintiff's Original Petition before the Default Judgment was not intentional or the result of conscious indifference on the de-

fendant's part, but was due to mistake or accident. Second, our Supreme Court held that the defendant must set up a meritorious defense; and third, the Motion for New Trial must be filed at a time when the granting thereof would occasion no delay or otherwise work injury to the plaintiff.

*Strackbein, supra*, is yet another case factually similar to ours. Plaintiff's Original Petition was misplaced in the office and not discovered until the defendant received notice of default.

■ In the case sub judice, testimony was presented to the trial court from each person who had any authority to take any action whatsoever on behalf of appellants in protecting its legal rights. The sworn statements of Barbara Bryant, Administrator for appellants and Jimmy Lee Craft, insurance agent for appellants was attached to appellants' First Amended Motion to Set Aside Default and Grant a New Trial. The statements were virtually uncontradicted by appellees. Counsel for appellees state that on November 8, 1989 that he as attorney for appellees contacted C.T. Corporation and talked to a person on duty there. Counsel contends that he was informed that C.T. Corporation had been served with the papers same being forwarded to appellants by certified mail showing delivery. Counsel contends that he informed C.T. Corporation that he did not want to take a Default Judgment and requested that C.T. Corporation follow up and see why an answer had not been filed.

We are at loss to understand why appellees' counsel contacted C.T. Corporation as opposed to the defendants named in the lawsuit or their insurance carrier, United States Fidelity & Guaranty Company, prior to taking the default. It is clear from the statement of facts that counsel for appellees was well aware that United States Fidelity & Guaranty was the insurance carrier for appellants in this case. The record further shows that counsel for appellees admits receiving a copy of the police officer's accident report shortly after the accident, said report clearly showing the address of Triad Contractors, Inc. and Newtron, Inc. to be 8183 West El Cason,

Baton Rouge, Louisiana. Having this information, counsel chose only to contact C.T. Corporation, the registered agent for service.

Appellees' counsel's telephone call to C.T. Corporation Systems begs the question of whether notice to this agent for service constitutes notice to the principal.

■ As a general rule, knowledge of an agent is not imputed to the principal under circumstances where the agent does not acquire his knowledge in the transaction of his principal's business. *Taylor v. Taylor*, 88 Tex. 47, 29 S.W. 1057 (1895). It is apparent in our case that C.T. Corporation Systems was an agent for the appellants for the very limited purpose of acceptance of service under the *Business Corporation Act. See*, TEX.BUS.CORP.ACT art. 1.01 *et seq.* (Vernon 1980). We find no authority on the part of C.T. Corporation Systems to perform any act for the principal other than the acceptance and forwarding of service of citation and petition. This concludes C.T. Corporation Systems' duties and obligations as agent for its principal.

Appellees cite us to the case of *Williams v. Jennings*, 755 S.W.2d 874 (Tex.App.— Houston 1988, writ denied) as authority that notice to an agent is notice to a principal. We find *Jennings* to be more in support of appellants' position than appellees. *Jennings, supra,* states "If an agent's acts are within the scope of his authority and are related to matters over which such authority extends, notice to the agent is then deemed to be notice to the principal."

Since C.T. Corporation Systems had no authority beyond acceptance of service, and forwarding of same, any act performed thereafter is not within C.T. Corporation Systems' authority as agent for its principal.

This Court is convinced that appellants met the first element of the *Craddock, supra* test in that it is undisputed that appellants' failure to answer the lawsuit was not intentional or the result of conscious indifference, but was due solely to a mistake or accident.

We now address whether or not appellants were in compliance with *Craddock, supra,* in setting up a meritorious defense to plaintiffs' cause of action.

Appellants presented evidence that appellee Terry Kelly had pre-existing back conditions prior to the accident in question. There was also evidence that appellees were contributory negligent in speeding through a construction zone. The accident report filed by Officer Raymond Hopson indicates that Mr. Kelly received a citation for speeding at the time of the accident. These possible defenses were raised by appellants and uncontradicted by appellees. That being the case, these defenses must be accepted as true by the trial court for purposes of granting Appellants' Motion for New Trial. Thus, appellants have met the second element of the *Craddock, supra* test.

Did the appellants request a new trial at a time when the granting of same would occasion no delay or otherwise work an injury to the plaintiff? We note in this regard that appellants agreed to reimburse plaintiffs for any cost incurred in taking the Default Judgment and have further agreed to have the case ready for trial whenever plaintiffs are ready.

The Supreme Court in *Strackbein, supra,* held that the defendant's offer to reimburse the plaintiff for cost and the fact that the plaintiff's attorney had sought a jury trial which could not have been tried prior to the hearing on the Motion for New Trial, was sufficient to meet Craddock's third requirement, especially when uncontroverted.

Since appellants' contentions were uncontroverted by appellees, they must be accepted by the trial court as true. Appellants have met the third requirement of *Craddock, supra.*

We hold that the trial court was in error in refusing to grant appellants' First Amended Motion for New Trial, therefore the Default Judgment entered by the trial court is hereby set aside and held for naught and the trial court's denial of the Amended Motion for New Trial is reversed.

REVERSED AND REMANDED FOR TRIAL ON MERITS.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority states: "[I]t is undisputed that appellants' failure to answer the lawsuit was not intentional or the result of conscious indifference, but was due solely to a mistake or accident." I disagree. There is ample evidence for the trial court to have concluded the failure to answer was the result of conscious indifference.

The majority's discussion of appellees' counsel's actions and/or lack of them is beside the point. Appellee had no duty other than to properly serve appellant. This was done. In determining whether there is conscious indifference, one must look to the actions of appellant, *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). The only action of appellant was receiving the suit and forwarding it to their insurance agent. It is uncontroverted there was no inquiry regarding retaining an attorney or filing an answer to the suit. A reasonable interpretation of the evidence before the trial court could deem this inaction conscious indifference. In accordance with TEX.R.CIV.P. 99(c), the citation provided the following notice: "YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a *written*

answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a Default Judgment may be taken against you."

I believe it reasonable to require defendants to do more than simply forward suit papers to their insurance agent or carrier. While doing so may meet some contractual requirements of the insurance carrier, it does nothing to meet the requirements of Rule 99(c). If a defendant takes some action regarding employing an attorney or filing an answer then there is attempted compliance with the rule. The rule requires nothing less and apparently neither did the trial court here. Nor should this court. Even in *Strackbein*, 671 S.W.2d at 39, "Prewitt believed that the papers were in the attorney's office and that the suit was being handled by the attorney." This is a clear bright line, easily recognized and easily followed.

I would affirm the trial court's ruling. Therefore, I respectfully dissent.