Affirmed and Majority and Dissenting Opinions filed February 5, 2008








Affirmed and Majority and Dissenting Opinions filed February
5, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00602-CV

____________

 

HORNELL BREWING CO., INC. (A/K/A
ARIZONA),
Appellant

 

V.

 

MODESTO TONY LARA, Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 2005-27494

 



 

D I S S E N T I N G   O P I N I O N

I respectfully dissent.  Because the defendant offered in
the trial court to go to trial within two months of the motion for new trial
hearing, and because the defendant also offered on appeal to pay Lara=s reasonable
attorney=s fees and costs
incurred in obtaining the default judgment, I would vacate the judgment and
remand to the trial court.








At the motion for new trial hearing, the trial court was
operating under two misconceptions.  First, rather than focusing on the only
pertinent question at a Craddock hearingCwhether the three
prongs of Craddock were satisfied and specifically here, whether the failure
to answer was the result of mistake or accident rather than intentionalCshe focused on the
defendant=s procedure for handling process, which she thought
was cumbersome and designed to fail.[1]

Second, she believed that part of a defendant=s burden at a
motion for new trial includes a showing Athat there will be
no prejudice to the plaintiff, and that part of that showing requires that the
defendant offer to pay the plaintiff=s expenses so far
in obtaining [the] default judgment.@  The Texas
Supreme Court has not held that a defendant must offer to pay reasonable
expenses and indicate a willingness to go to trial immediately before a new
trial may be granted.  In fact, the Court had this to say about that:

Although [an offer to pay and readiness to go to trial] may be
important factors for the court to look to in determining whether it should
grant a new trial, they should not be the sine qua non of granting the motion. United
Beef Producers v. Lookingbill, 532 S.W.2d 598, 599 (Tex. 1976).

Involved is an
equitable principle, and the court should deal with the facts on a case-by-case
basis in order to do equity. Failure to offer reimbursement should not in every
instance preclude the granting of a new trial. Dallas Heating Co., Inc. v.
Pardee, 561 S.W.2d 16 (Tex. Civ. App.CDallas 1977, writ
ref=d n.r.e.).  The
goal to be achieved is to not injure the plaintiff or unduly delay him by granting
the motion.








Angelo
v. Champion Rest. Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986).  If we
apply this last principleCof not injuring the plaintiff or unduly
delaying him by granting the motionCto this appeal, I
believe the principle is met.

At the motion for new trial hearing below, Hornell offered
to go to trial within two months from the hearing.  And, although Hornell
argued against paying Lara=s fees and expenses, this position
arguably had some merit.  The record indicates that before Lara sued, it had
undertaken settlement negotiations with Hornell=s insurer
regarding Lara=s claims against Hornell.[2] 
When they did not settle, Lara sued.  From Hornell=s perspective,
Lara knew Hornell=s contact informationCincluding its
mailing addressCfrom correspondence between Lara and
Hornell=s insurer, Lara
knew that Hornell was a solvent defendant, and Lara knew that Hornell would
defend itself if sued.  Under these circumstances, Hornell thought it rather
unprincipled of Lara to obtain a default judgment against Hornell rather than
contacting Hornell when it did not answer.








Regarding the third prongCinjury or delayCthe plaintiff
showed no harm attributable to delay other than having to repeat his testimony
and not having the case finalized.  These reasons typically do not qualify as
an injury that would defeat a valid Craddock motion. See Dir., State
Employees Workers= Comp. Div. v. Evans, 889 S.W.2d 266,
270 (Tex. 1994) (stating that the purpose of the third prong of the Craddock
test is to protect a plaintiff against the sort of undue delay or injury,
such as the loss of witnesses or other valuable evidence, that would
disadvantage the plaintiff in presenting the merits of his case at a new
trial).  This prong of Craddock requires inquiry into whether the substance
of the plaintiff=s case has been injured by the delay, and
not whether the plaintiff will be required to do something he would have had to
doCtestify at trialCeven in the
absence of default. See id.; see also Jackson v. Mares, 802
S.W.2d 48, 52B53 (Tex. App.CCorpus Christi
1990, writ denied).  Here, Lara neither alleged nor proved any threat to his
ability to present his case again at a new trial. See Jackson,
802 S.W.2d at 52B53; Mosharaf, 794 S.W.2d at 586. 
Furthermore, Lara failed to present any competent medical evidence in support
of his claim that repeating his testimony at a new trial would cause him
injury. See Mosharaf, 794 S.W.2d at 586.  Moreover, the record does not
reflect any special circumstances which would impose any hardship upon Lara if
Hornell=s motion for new
trial were granted. See Dallas Heating Co. v. Pardee, 561 S.W.2d 16, 22
(Tex. Civ. App.CDallas 1977, writ ref=d n.r.e.).

For these reasons, I would vacate the judgment and remand
the case to the trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed February 5, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman (Yates, J. majority).









[1]  The defendant=s
procedure was no different from several other companies whose motions for new
trial were upheld on the basis of mistake without any mention of the procedures
they had instituted for forwarding process.  See Triad Contractors, Inc. v. Kelly, 809 S.W.2d 683, 684, 686 (Tex.
App.CBeaumont 1991, writ denied)
(process papers received and forwarded by registered agent for service of
process to a second party, who then forwarded the same to a third party who
lost them; accident prong of Craddock test held satisfied); State
Farm Life Ins. Co. v. Mosharaf, 794 S.W.2d 578, 580B81, 584 (Tex. App.CHouston [1st Dist.] 1990, writ
denied) (process papers lost by the fourth party after having been received and
forwarded by the defendant=s registered agent for service of process to two other parties;
accident prong of Craddock test held satisfied); see also Fid. &
Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574B76 (Tex. 2006) (per curiam)
(process papers received by registered agent for service of process and lost
before being forwarded to general counsel; accident prong of Craddock test
held satisfied); Strackbein v. Prewitt, 671 S.W.2d 37, 39 (Tex. 1984)
(defendant served with process, but papers not forwarded to defendant=s counsel due to mistake made by
defendant=s secretary; accident prong of Craddock
test held satisfied); Craddock v. Sunshine Bus Lines, 134 Tex. 388,
133 S.W.2d 124, 124B26 (1939) (process papers received
and forwarded by defendant=s agent to a second party, who then forwarded the same to the defendant=s insurer, where they were
misplaced; Court held that the defendant=s Afailure to answer was on account of
a mistake and was not intentional@).





[2]  During the settlement negotiations, Hornell
requested to inspect the bottle at issue, and apparently Lara denied that
request.  At the motion for new trial hearing, Hornell=s counsel indicated that she would be ready to proceed
to trial as soon as Hornell received the bottle from Lara and completed testing
on it.