UNITED BEEF PRODUCERS,
INC., Petitioner,

v.

Fred LOOKINGBILL, Respondent.

No. B–5667.

Supreme Court of Texas.

Feb. 4, 1976.
Rehearing Denied March 3, 1976.

Witherspoon, Aikin, Langley, Woods & Gulley, E. Hazen Woods, Jr., Hereford, for petitioner.

Richard T. Collard, Friona, for respondent.

PER CURIAM.

Fred Lookingbill sued United Beef Producers, Inc., to recover additional compensation allegedly due Lookingbill by reason of an employment contract with United Beef. Citation was personally served on a vice-president of United Beef. United Beef failed to answer Lookingbill's petition, and a default judgment was entered against it for the amount allegedly due, plus attorney's fees. United Beef filed a timely motion for new trial, which the trial court overruled. The Court of Civil Appeals affirmed. 528 S.W.2d 310. We agree with the result reached by the Court of Civil Appeals. United Beef's application for writ of error is therefore refused, no reversible error.

As part of its burden of proof to obtain relief from a default judgment by a motion for new trial, defendant must show that his motion "is filed at a time when the

granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The Court of Civil Appeals has held in the case at bar that by failing to offer to reimburse Lookingbill for expenses incurred in obtaining the default judgment, United Beef failed to show that the granting of its motion for new trial would not work an injury to Lookingbill.[1] The court noted that Lookingbill resides in Colorado and would incur additional travel expense if a new trial were granted. We agree that, as a condition to the granting of his motion for new trial, a defendant seeking relief from a default judgment should be required to reimburse plaintiff for costs of suit incurred in obtaining the judgment. We do not believe, however, that a defendant should be required in every case to reimburse plaintiff for all expenses incidentally incurred in obtaining the default judgment, or for expenses which may be incurred as the result of a new trial. We believe that the determination of which expenses a defendant must bear should be left to the sound discretion of the trial court, which should consider not only travel expenses incurred by reason of the distance of plaintiff's residence from the place of trial, but also attorney's fees, any loss of earnings caused by trial attendance,[2] expenses of witnesses, and any other expenses of plaintiff arising from defendant's default. These factors should be weighed against the amount of money involved in the suit and the degree to which the defendant's failure to answer or appear was caused by his own negligence. Thus, the amount of expenses for which a defendant should be required to reimburse a plaintiff as a condition to the granting of defendant's motion for new trial depends on the facts of each case; the trial court should not be bound by any hard and fast rule, but should make an equitable determination which should be disturbed only upon a showing of abuse of discretion.

286 S.W.2d 229 (Tex.Civ.App.—Galveston 1956, no writ).

1. We note that United Beef also failed to allege or offer any evidence to show that no delay would be caused by the granting of its motion for new trial. See *Griffin v. Duty*,

2. See *Glittenberg v. Hughes*, 524 S.W.2d 954 (Tex.Civ.App.—Fort Worth 1975, no writ).