**DALLAS HEATING CO., INC.,**
**Appellant,**

v.

**W. E. PARDEE, Appellee.**

**No. 19333.**

Court of Civil Appeals of Texas,
Dallas.

Nov. 23, 1977.

Rehearing Denied Dec. 21, 1977.

Mike McCurley, McGuire, Levy, Collins & McCurley, Irving, for appellant.

John Paul Kelly, Dallas, for appellee.

ROBERTSON, Justice.

W. E. Pardee sued Dallas Heating Co., alleging violations of the Texas Consumer Protection-Deceptive Trade Practices Act, Tex.Rev.Civ.Stat.Ann. § 17.41 *et seq.* (Vernon Supp.1977), in the sale of a compressor for an air conditioning unit. Although Dallas Heating was duly served with process, it

failed to answer and a default judgment was rendered. Seven days after rendition of the judgment, Dallas Heating filed a motion for new trial by which it sought to have the judgment vacated. The trial court overruled the motion and Dallas Heating appealed. We reverse the judgment and remand for a new trial.

■ The primary issue in this case is whether the motion for new trial, together with the attached affidavits, established Dallas Heating's right to a new trial. To justify vacation of the default judgment, Dallas Heating's motion for a new trial must show that the failure to answer before judgment was not intentional or the result of conscious indifference, but rather was the result of a mistake or accident; further, the motion must set up a meritorious defense and be filed when its granting will cause no delay or hardship on the opposing party. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); *United Beef Products Inc. v. Lookingbill*, 528 S.W.2d 310, 312 (Tex.Civ.App.—Amarillo 1975) *writ ref'd per curiam* 532 S.W.2d 958 (Tex.1976). Therefore, we must examine the sufficiency of Dallas Heating's motion and affidavits in light of these three elements.

### CONSCIOUS INDIFFERENCE

In its motion, Dallas Heating alleged that it unintentionally delayed the forwarding of citation to its attorney, and that the delay was not the result of conscious indifference. These allegations were supported by the affidavit of Dallas Heating's service manager, Ralph Grantham, in which he states that he received a copy of the citation for the purpose of gathering all invoices and records pertaining to Pardee's account, so that the materials could be delivered to Dallas Heating's attorney. He further stated that after gathering the records and preparing a memorandum summary of the facts relating to the account, he placed the materials into an "out" basket on his secretary's desk. It was his understanding that a corporate officer would then retrieve the documents and forward them to the corpo-

ration's attorney. The officer did not retrieve the papers, however, apparently because he thought Grantham had forwarded the papers directly to the attorney. Upon receipt of the default judgment, the records were recovered from under a stack of records where it had been "inadvertently misplaced."

■ Pardee argues that since the affidavit demonstrates Dallas Heating's negligence in failing to answer before judgment, the motion for new trial was properly denied. Negligence, however, is not the test by which the defaulting party's actions are measured. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *O'Hara v. Hexter*, 550 S.W.2d 379, 382 (Tex.Civ.App.—Dallas 1977, writ filed); *Healy v. Wick Building Systems, Inc.*, Doc. No. 19251 (Tex.Civ.App.—Dallas 1977) (not yet reported); *Farley v. Clark Equipment Co.*, 484 S.W.2d 142 (Tex.Civ. App.—Amarillo 1972, writ ref'd n. r. e.). Rather, the question is whether the failure to answer was intentional or the result of conscious indifference. *United Beef Products, Inc. v. Lookingbill*, 528 S.W.2d 310, 312 (Tex.Civ.App.—Amarillo 1975) *writ ref'd per curiam* 532 S.W.2d 958 (Tex.1976). In the present case, Grantham's affidavit shows that the default was the result of a misunderstanding as to who was to forward the process to the corporation's attorney. Thus, the failure to answer was caused by a mistake or accident, and was not intentional or the result of conscious indifference.

■ We recognize that the trial court filed numerous findings of fact in this case, and that these findings have been relied upon to support, among other arguments, Pardee's contention regarding Dallas Heating's conscious indifference. However, we cannot consider these findings because the recitals in Dallas Heating's affidavit were not controverted by Pardee. No fact issue was drawn regarding the allegations and in the absence of disputed facts, findings of fact are unauthorized. *Ditto v. Ditto Investment Co.*, 158 Tex. 104, 309 S.W.2d 219 (1958); *Spiller v. Spiller*, 535 S.W.2d 683, 685 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Hutchinson v. Texas Aluminum*

*Co.,* 330 S.W.2d 895, 898 (Tex.Civ.App.— Dallas 1959, writ ref'd n. r. e.). In such a case, the conscious indifference question must be determined in the same manner as the issue of meritorious defense, and it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *See Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966); *Abercia v. First National Bank of San Antonio,* 500 S.W.2d 573 (Tex. Civ.App.—San Antonio 1973, no writ). Of course, findings of fact would be authorized if the facts recited in the affidavit were controverted (and perhaps also if the facts recited would permit conflicting inferences), for in such a case, each party would be entitled to fully develop its view of the dispute at a full evidentiary hearing. This procedure does not apply to the sworn allegations of a meritorious defense which, if sufficiently specific, must be accepted as true despite the presence of disputed facts. *Ivy v. Carrell, supra.*

## MERITORIOUS DEFENSES

Pardee pleaded two theories of recovery in his petition. He first alleged that Dallas Heating agreed to install a new compressor in his air conditioning system, but had installed a used, a rebuilt compressor instead. Alternatively, Pardee urged that the rebuilt unit, although warranted by Dallas Heating, was completely ineffective and inefficient.

### a. Misrepresentation

■ In its motion for new trial, Dallas Heating denied the existence of any agreement regarding the sale of a new, rather than rebuilt, compressor unit. Since this factual dispute addresses the very basis of the misrepresentation theory urged by Pardee, it clearly serves as a meritorious defense, provided that it is supported with sufficiently specific proof. Legal conclusions regarding defenses are insufficient to set up a meritorious defense; there must be specific factual allegations supported by affidavits or other evidence proving prima facie that the defense exists. *Bredeson v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 513 S.W.2d 110 (Tex.Civ.App.—Dallas 1974, no writ). In response to Pardee's argument that Dallas Heating failed to install a new compressor unit under the agreement, Dallas Heating offered the affidavit of its sales manager, Hank Winget. He stated that he was contacted by Tom Pardee on behalf of his father, the Plaintiff, regarding the purchase of an air conditioning compressor unit. At that time, Tom Pardee wanted to have the broken unit replaced at the lowest possible expense, and after Winget explained the cost differential between new and rebuilt units, Tom Pardee decided to, and did, purchase a rebuilt unit.

■ Pardee challenges the sufficiency of this affidavit on two grounds: first, he argues that the statement that Tom Pardee was acting "on behalf of his father" is merely conclusory, and does not set forth sufficiently specific facts to establish a prima facie agency relationship; secondly, Pardee urges that the affidavit does not show whether the compressor unit purchased by Tom Pardee is the one upon which this suit is based. He argues that the present affidavits do not negate the possibility that *two* compressors were purchased: a rebuilt one by Tom Pardee and a supposedly new one in a separate transaction. We cannot accept these arguments. The agency relationship does not depend upon express appointment or assent by the principal; rather, it may be implied from the conduct of the parties under the circumstances of the particular case. *Irwin v. Irwin,* 300 S.W.2d 199 (Tex.Civ.App.—Eastland 1957, no writ). In the present case, the various affidavits describing the conduct of the parties reveal circumstances from which the agency relationship may be implied. A second affidavit by Ralph Grantham, Dallas Heating's service manager, reveals that he sent an employee to Pardee's home to install a rebuilt compressor unit on the *same day* that Tom Pardee purchased a rebuilt unit "on behalf of his father." The compressor was installed without objection, and functioned for approximately three weeks without incident.

The record does not reflect any attempt by Pardee to disclaim his son's authority to negotiate the sale of the compressor unit, and since Pardee acquiesced in the installation of the unit which his son had purchased, Dallas Heating could reasonably assume that the agency was valid.

■ Grantham's affidavit also disposes of Pardee's argument that there may have been more than one compressor sold. Grantham stated that the rebuilt compressor ordered by Pardee's son was the one installed in Pardee's air conditioning unit, and that the unit with the rebuilt compressor was the malfunctioning unit of which Pardee complained. Since the rebuilt compressor ordered by his son was the unit actually installed, even if Pardee had purchased another compressor, the uninstalled second compressor cannot have been the basis of his suit. Therefore, we conclude that the affidavits attached to the motion for new trial establish a meritorious defense to Pardee's theory of misrepresentation.

### b. Warranty

Regarding Pardee's allegations that the compressor unit was ineffective and not of merchantable quality, Grantham's second affidavit states that he instructed a serviceman to install a rebuilt compressor unit for Pardee on July 8, 1976. According to this affidavit, on August 1st and 28th, Pardee contacted Grantham's office and reported that his air conditioning system was malfunctioning. On each occasion, a serviceman was dispatched, and it was determined that the malfunction was not due to compressor problems. The system was repaired on each visit, and after the service call on August 28th, Pardee again called to complain that his system was not working. A problem was found in the compressor as a direct result of a malfunction which had previously been repaired, and Pardee was told that the compressor, under warranty, would be replaced for no additional cost, other than labor, pursuant to the terms of the warranty. Pardee would not agree to pay the labor costs, so no further work was done.

■ These recitations, if true, would establish a defense to Pardee's allegations regarding the unmerchantable character of the compressor. According, to Pardee's petition, his complaint regarding unmerchantability is apparently based upon a breach of the implied warranty of merchantability set forth in Tex.Bus. & Com.Code § 2.314 (Vernon 1968). Pardee alleges that the compressor was "not fit for the ordinary purpose for which such goods are used." This conforms to § 2.314(b)(3), which provides that in order to be merchantable, goods must be fit for the ordinary purposes for which they are used. However, Grantham's affidavit counters these allegations by stating that the malfunction in the compressor was not the result of any inherent defect, but rather was caused by a malfunction in another part of the system. Since the determination of whether a product is defective must be made in light of its normal uses, *Rourke v. Garza*, 530 S.W.2d 794, (Tex. 1975); *Helicoid Gage Division of American Chain and Cable Co. v. Howell*, 511 S.W.2d 573 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.), failure of an otherwise sound unit because of defects in related parts of the system would be a complete defense to Pardee's allegations of breach of warranty.

### DELAY OR HARDSHIP

■ In order to obtain relief from the default judgment by motion for new trial; Dallas Heating must have filed its motion at a time when the granting thereof would occasion no delay or otherwise injure Pardee. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Although this was alleged in Dallas Heating's motion, no evidence was presented in support of that allegation. Citing *United Beef Producers, Inc. v. Lookingbill,* 528 S.W.2d 310 (Tex.Civ.App.—Amarillo 1975) *writ ref'd per curiam* 532 S.W.2d 958 (Tex. 1976), Pardee argues that in the absence of evidence showing that no delay or hardship would result, the default judgment should be affirmed. We cannot accept this argument. While it is true that *Lookingbill*

denied relief in the absence of evidence that there would be no delay or hardship, the plaintiff in that case had filed a sworn response which set forth specific facts regarding hardship. In the present case, however, no controverting response was filed, and the record does not reflect any special circumstances which would impose a hardship upon Pardee. The motion for new trial was filed only seven days after rendition of the judgment, and Dallas Heating has emphasized that it stands ready for trial at Pardee's demand.

Pardee also urges that, as in *Lookingbill*, Dallas Heating's motion did not offer to reimburse him for costs of suit incurred in obtaining the default judgment, and that this, in itself, should preclude vacation of the judgment. We do not agree. Although we accept the rule set forth in *Lookingbill* which requires a defendant seeking relief from a default judgment to reimburse plaintiff for expenses incurred in securing the judgment, we are not convinced that *Lookingbill* established the rule that failure to offer reimbursement in the *motion* necessarily precludes vacation of the judgment. In its briefs and oral argument before this court, Dallas Heating has stated its willingness to pay all reasonable costs incurred by Pardee in obtaining the judgment, and upon remand, the trial court may determine which expenses, if any, Dallas Heating must reimburse. *United Beef Producers v. Lookingbill*, 532 S.W.2d 958, 959 (Tex.1976).

In view of the prompt and timely actions by Dallas Heating in challenging the judgment, its willingness to reimburse the costs of securing the judgment, and in the absence of any controverting evidence of hardship by Pardee, we conclude that, as a matter of law, no delay or hardship would have resulted from the granting of Dallas Heating's motion for new trial.

The judgment of the trial court is reversed, and the case is remanded for a new trial subject to the trial court's determination of Pardee's costs of suit in securing the default judgment and reimbursement of that sum by Dallas Heating.