NATIONAL VAN LINES, INC., Appellant,

v.

J. D. LIFSHEN, Appellee.

No. 19660.

Court of Civil Appeals of Texas, Dallas.

April 12, 1979.

A. Paul Clark, III, Eggers & Wylie, Dallas, for appellant.

Carl David Adams, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

In this appeal from a default judgment, defendant asserts that the trial court erred in overruling its motion for new trial and also complains that the evidence fails to support recovery for damages for mental anguish and an attorney's fee. We hold that the court erred in overruling the motion because it was sufficient to show that defendant's failure to answer was not the result of conscious indifference. We hold also that the court erred in allowing recovery of damages for mental anguish and for an attorney's fee.

The petition alleges that plaintiff contacted defendant's agent in Milwaukee, Wisconsin, concerning moving his household goods to Dallas, Texas, that defendant represented that the moving service would in-clude above average security and safety in transporting and unloading plaintiff's possessions, and that defendant made other representations concerning the time necessary to complete the move. The petition further alleges that such representations were false, misleading, and deceptive because numerous items were damaged and some lost and also because the move was not completed until twenty days after the date represented. By way of damages, the petition alleges that plaintiff was adversely affected by such representations and was damaged to the extent of $785 in lost or damaged property, $716 for delay in delivery of his goods, and $1,000 for mental anguish suffered by plaintiff and his family. Plaintiff prayed for actual damages of $2,401, which he alleged should be trebled under the Deceptive Trade Practice Act, Tex.Bus. & Comm.Code Ann. § 17.50(b)(1), and for an attorney's fee of $750.

Defendant failed to file an answer and the court rendered judgment by default against defendant for $6,205.14, together with an attorney's fee of $750. Defendant filed a timely motion for new trial, which the court overruled.

In its first point, defendant contends that the trial court erred in overruling his motion for new trial because the motion established that his failure to answer was not intentional or the result of conscious indifference, but was due to a mistake, and set up a meritorious defense. Plaintiff does not challenge the sufficiency of the motion to allege grounds sufficient to excuse the failure to answer, but asserts that the affidavit of plaintiff's attorney filed in response to the motion raises a fact issue as to whether defendant's failure to answer was the result of conscious indifference. Plaintiff contends that since the motion was controverted in this respect, defendant had the burden under *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.) to offer evidence in support of the allegations in his motion, but that defendant did not carry this burden because it offered no evidence, merely standing on the allegations in the affidavit

of its corporate counsel filed with the motion.

After considering both the affidavit filed in support of the motion and plaintiff's controverting affidavit, we conclude that defendant's allegation that its failure to answer was the result of a mistake rather than conscious indifference was not effectively controverted. The affidavit of defendant's corporate counsel states that on or about November 7, 1977, after service of citation, the affiant talked with the attorney for plaintiff, who agreed to extend the time for answer until December 1 and to send an itemized list detailing plaintiff's claims, as required by a regulation of the Interstate Commerce Commission, before settlement of the claim could be tendered. The affidavit further states that on November 17 the affiant's secretary failed to report for work and was absent for an extended period; that because of her absence, the affiant's normal procedure for receiving mail and placing mail demanding action in the proper hands fell into disarray; that affiant had no further knowledge of the case until December 8, when he received in the mail a copy of a default judgment; that on that day his temporary office helper discovered among the piles of unfiled correspondence a letter from plaintiff's counsel dated November 15; and that the affiant then retained an attorney in Dallas to file a motion for new trial.

The affidavit of plaintiff's attorney filed in response to the motion for new trial states that on or about November 10 he spoke to defendant's corporate counsel by long distance and agreed to extend the answer date until December 1 to accommodate settlement negotiations, that on November 15 he wrote corporate counsel a letter containing an offer of settlement and stating that if the offer was not acceptable and no answer was filed by December 1, a default judgment would be taken; but that he received no further communication from defendant before the default judgment was taken on December 2.

We see nothing inconsistent in the two affidavits. All the material facts stated in plaintiff's opposing affidavit are contained in the affidavit of defendant's corporate counsel, including the conversation on or about November 7 or November 10, when plaintiff's counsel agreed to extend the time for answer only until December 1. Plaintiff's counsel does not deny his agreement to send an itemized list detailing plaintiff's claim, nor does he state any fact to support an inference that defendant's failure to answer was the result of conscious indifference. Consequently, we hold that defendant had no burden at the hearing on the motion for new trial to offer evidence on that question.

Defendant's remaining points have to do with its alleged meritorious defenses. Plaintiff concedes that under *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966), defendant was not required to establish his defenses by evidence, but only to "set up" such defenses in a sworn motion or affidavit.

Defendant's second point asserts that the trial court erred in awarding treble damages and an attorney's fee under the Texas Deceptive Trade Practices Act because recovery of damages to goods moving interstate is controlled by the Interstate Commerce Act, 49 U.S.C. § 20(11) (1970). We overrule this point because we hold that insofar as this case involves a claim for false, misleading, and deceptive acts or practices which occurred before the parties entered into the contract of carriage, as distinguished from an action for breach of duties assumed in the contract of carriage, it is not pre-empted by the Interstate Commerce Act. We have recently had occasion to review this question in more detail in *American Transfer & Storage Co. v. Brown*, 584 S.W.2d 284 (Tex.Civ.App.—Dallas, 1979). Consequently, appellant's second point is overruled.[1]

1. Plaintiff suggests under his first point that he had another meritorious defense in that the case is not governed by the Texas Deceptive Trade Practices Act, but by the Wisconsin Consumer Act, which does not provide for treble damages and attorney's fees. The record, however, fails to show that either the applicability or the provisions of the Wisconsin Act were

In its third point defendant asserts that the trial court erred in awarding damages for mental anguish in that there is insufficient evidence to show that the mental anguish suffered resulted from a willful trespass accompanied by actual damage to the property. Plaintiff replies that defendant has no standing to raise this question because it failed to assign as error any of the trial court's findings of fact, including the court's finding that plaintiff suffered both property damage and mental anguish as a result of defendant's representations.

We conclude that plaintiff's third point is sufficient to raise the argument that mental suffering is not a proper element of actual damages unless a willful tort is established. Although defendant did not object to the trial court's finding of damages, defendant did include in its allegations of meritorious defense an averment "that the claim for mental anguish is without grounds and is not obtainable in this cause of action."

 This question, also, was raised in *American Transfer & Storage Co. v. Brown,* *supra,* and we held, following *Dennis Weaver Chevrolet, Inc. v. Chadwick,* 575 S.W.2d 619 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.), that damages of mental suffering cannot be recovered under the Deceptive Trade Practices Act unless the wrongful action that caused the suffering was willful. No such willful wrong is alleged here. Consequently, defendant's third point is sustained.

 Defendant's fourth point asserts that the trial court erred in awarding an attorney's fee because no evidence was offered to show the reasonableness of the award. Plaintiff concedes that no evidence of reasonableness was offered, but contends that defendant has no standing to raise the point because it did not assign as error the trial court's finding that a reasonable attor-

ney's fee for plaintiff was $750. We hold that although defendant does not specifically refer to this finding in its brief, this point and the argument under it can reasonably be construed as an attack on the finding. Since defendant admits that no evidence was offered at the default hearing to establish the reasonableness of this amount, this point is sustained.

Although we might sever the attorney's fee issue and remand the cause for a new trial on that issue alone under *Woods Exploration & Prod. Co. v. Arkla Equipment Co.,* 528 S.W.2d 568, 571 (Tex.1975), if the judgment were otherwise free from error, we cannot sever the damage issue because the damages are unliquidated. Tex.R. Civ.P. 434. Since the damages awarded include an allowance for mental anguish, which we hold not to be recoverable, and the trial court made no separate finding on the other damages proved, ground for a new trial is established, but it may be ordered only if defendant is willing to pay plaintiff's expenses resulting from the default. Accordingly, this cause is reversed and remanded to the trial court with instructions to determine the reasonable expenses incurred by plaintiff as a result of defendant's failure to answer, not including the expenses resulting from this appeal, and to grant defendant's motion for new trial on condition that defendant pay such expenses, but to overrule such motion if defendant fails to pay such expenses by the time specified by the court. *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 22 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.).

Reversed and remanded with instructions.

called to the attention of the trial court. In the absence of evidence of the provision of the Wisconsin Consumer Act or a motion to take judicial notice under rule 184a of the Texas Rules of Civil Procedure, the trial court was required to presume that the law of Wisconsin was the same as the law of Texas. *Gevinson v. Manhattan Construction Co. of Okl.,* 449 S.W.2d 458, 465 (Tex.1969); *Milner v. Schaefer,* 211 S.W.2d 600, 603 (Tex.Civ.App.—San Antonio 1948, writ ref'd).