Theodore W. ZONKER, et al.,
Appellants,

v.

John SULLIVAN and wife, Etta
Sullivan, Appellees.

No. 7109.

Court of Appeals of Texas,
El Paso.

April 6, 1983.

Appellant's Rehearing Denied
May 4, 1983.

Karl R. Albert, Thomas J. Williams, Bishop, Lamsens & Brown, Fort Worth, for appellants.

Wm. Monroe Kerr, Harris E. Kerr, Kerr, Fitz-Gerald & Kerr, Midland, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from a default judgment against the Defendants/Appellants on a promissory note. The appeal is from an order overruling the Appellants' motion for a new trial. We affirm.

This litigation originated when A–1 Tank Rental and Sales, Inc., which is not a part of this appeal, brought suit against the Appellees John and Etta Sullivan and the Appellants. The Sullivans filed a cross-action against SAS Investors, a partnership composed of S.E. Ashley, Billy Markham, Douglas Manning, Theodore W. Zonker, David Nugent, and Kenneth Tidwell. Tidwell and Nugent answered and are not parties to this appeal. Upon the failure of the Appellants to file an answer, Appellees secured a severance and took a default judgment against them in the amount of $110,000.00. The Appellants timely filed a motion for new trial which was overruled and this appeal resulted.

To be eligible for a new trial after a default judgment has been entered for failure of defendant to appear for trial, the defendant must show that the failure to appear was not intentional or the result of conscious indifference on his part, but was due to mistake or accident. Also, he must set up a meritorious defense and he must show that his motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939); *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

We are of the opinion that the Appellants' pleadings and the affidavits in support thereof show that the failure to appear was not the result of conscious indifference, but was due to accident and that the prima facie case has been made that they have a meritorious defense.

The controlling question in this case is the requirement that the Defendant must show that his motion "is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Craddock,* supra. It was not until the brief was filed in this cause that Appellants offered to "reimburse Appellees for the cost of obtaining a default judgment." There is a split of authority as to whether this offer must be made in the trial court or can be made in the other courts.

In *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976), the Supreme Court upheld a Court of Appeals decision overruling a defendant's motion for new trial where the defendant in his motion did not offer to indemnify the plaintiff and offered no evidence of his willingness to reimburse plaintiff for cost of suit in obtaining the judgment. In the case of *Dallas Heating Company, Inc. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), the Court recognized the Supreme Court ruling in *Lookingbill,* but held that it was sufficient if the offer for reimbursement was made in the briefs and oral argument on appeal. We are of the opinion that the better rule of law is that the matter must be alleged and proved in the trial court.

In support of this position, we note that the motion for new trial is based on equity; and to be entitled to equitable relief, one must offer and prove his willingness to do equity. Also, a motion for a new trial is addressed to the trial court's sound discretion. *Brothers Department Store, Inc. v. Berenzweig,* 333 S.W.2d 445 (Tex. Civ.App.—San Antonio, 1960, no writ); *Hubbard v. Fidelity & Casualty Company of New York,* 285 S.W.2d 890 (Tex.Civ.App. —Dallas, 1965, writ ref'd n.r.e.); *United Beef Producers, Inc. v. Lookingbill,* 528 S.W.2d 310 (Tex.Civ.App.—Amarillo, 1975), writ ref'd per curiam 532 S.W.2d 958. · To properly exercise that discretion, all elements of the test of *Craddock v. Sunshine Bus Line* must be before the court by plead-

ing and proof. Said the Supreme Court in its per curiam opinion in *United Beef Producers*: "As part of its burden of proof to obtain relief from a default judgment by motion for a new trial, defendant must show that his motion 'is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.'" That proof evidently must come in the trial court and not on appeal. The Court further said: "We believe that the determination of which expenses a defendant must bear should be left to the sound discretion of the trial court, which should consider not only the travel expenses incurred by reason of the distance of plaintiff's residence from the place of trial, but also attorney's fees, any loss of earnings caused by trial attendance, expenses of witnesses, and other expenses of plaintiff's arising from defendant's default." The Court then noted that the amount of expenses which a defendant should be required to reimburse a plaintiff as a condition of granting the defendant a new trial depends on the facts of each case. It then said: "The trial court should not be bound by any hard and fast rule, but should make an equitable determination which should be disturbed only upon a showing of abuse of discretion." Each and all of the requirements of *Craddock v. Sunshine Bus Lines* must be pled and proved in a motion for new trial; we see no escape from the fact that that proof must be made in the trial court and be the basis of the trial court's order overruling or sustaining the motion for new trial.

The judgment of the trial court is affirmed.