**HORNELL BREWING CO., INC. (a/k/a Arizona), Appellant,**

v.

**Modesto Tony LARA, Appellee.**

No. 14–06–00602–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 2008.

Shawn Malcolm McCaskill, Gregory M. Weinstein, Dallas, for appellant.

Angela Isolyn Matthews, Richard N. Countiss, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## MAJORITY OPINION

LESLIE B. YATES, Justice.

The trial court entered a default judgment in favor of appellee Modesto Tony Lara against appellant Hornell Brewing Co., Inc. (a/k/a Arizona). Hornell filed a motion for new trial seeking to set aside the default judgment, which the trial court denied. On appeal, Hornell asserts the trial court erred in failing to grant its motion for new trial. We affirm.

Lara alleged he was injured after ingesting broken glass while drinking a bottle of Arizona Tea. After settlement negotiations failed to resolve the dispute, Lara sued Hornell for negligence, products liability, and breach of warranty. Hornell failed to

answer, and Lara obtained a default judgment for $50,000.

■ After receiving notice of the default judgment, Hornell filed a motion for new trial requesting that the default judgment be set aside. We review a trial court's ruling on a motion for new trial for abuse of discretion. *Director, State Employees' Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). When moving for new trial to set aside a default judgment, the defendant must (1) prove its failure to answer was not intentional or the result of conscious indifference but due to accident or mistake, (2) assert a meritorious defense, and (3) show that granting a new trial would not cause delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). If a defendant meets all three *Craddock* elements, the trial court abuses its discretion in failing to order a new trial. *Evans*, 889 S.W.2d at 268.

Hornell explained in affidavits and its motion that it never received notice of Lara's suit. Hornell's process for receipt of service involves many steps. After suit documents are served on its registered agent, the documents must pass through two more sets of hands at different corporate entities before finally reaching Hornell's general counsel. Hornell's evidence showed that the process broke down after the second step, although it was not sure exactly where or how because the suit documents were never located.

The new trial briefing and hearing focused on the first and third *Craddock* elements—whether the failure to answer was intentional or the result of conscious indifference and whether a new trial would cause delay or injure Lara. The trial court judge disapproved of Hornell's method of receiving service, as she explained in the new trial hearing:

I do agree to a certain extent with plaintiff. I believe that the defendants have deliberately set up a process for receiving service that is so complicated, so cumbersome, so convoluted that it is designed to allow them to claim that they never got something because it didn't go properly through the four or five steps that it had to go through, and in addition to that, none of their agents keep any records and they seem to be proud of it because they put in their affidavits that they don't keep any records of all this stuff. I presume that that is designed to make it so that nobody can prove that they ever got anything.

The trial judge concluded that even though this conduct amounted to gross negligence and she suspected that Hornell deliberately failed to answer, she stopped short of actually finding that the failure to answer was intentional or the result of conscious indifference. The trial judge concluded that Hornell was nevertheless not entitled to a new trial based on prejudice to Lara because Hornell would not pay Lara's expenses in obtaining the default judgment.

■ On appeal, Hornell argues the trial court erred in refusing to grant a new trial based solely on its refusal to pay Lara's expenses in obtaining the default judgment. In challenging a default judgment, if the defendant alleges that granting a new trial will cause no injury or delay, the burden shifts to the plaintiff to disprove this. *Evans*, 889 S.W.2d at 270. This is an equitable determination that should be made on a case by case basis after considering the entire record. *See id.* at 270; *State & County Mut. Fire Ins. Co. v. Williams*, 924 S.W.2d 746, 749 (Tex. App.-Texarkana 1996, no writ). Although an offer to pay expenses is not an absolute precondition to granting a new trial, it is an important factor to consider. *Evans*, 889 S.W.2d at 270 n. 3

■ Lara put on evidence that he incurred approximately $2000 in expenses to obtain the default judgment, and not only did Hornell not offer to pay, but it refused to pay, arguing that Lara could have avoided the expense of a default judgment by personally inquiring whether Hornell intended to answer. Despite implementing a complicated system for receiving service that the trial court found Hornell designed deliberately to make service more difficult, Hornell refused to pay for the expenses this system caused Lara and instead attempted to impose a duty on Lara to remind it to answer. In these circumstances, we cannot say the trial court abused it discretion in taking these factors into consideration and determining that Hornell is not entitled to a new trial because it refused to pay Lara's expenses in this case.

■ For the first time in its appellate brief, Hornell has offered to pay Lara's "reasonable attorney's fees and costs incurred in taking the default judgment." However, as Lara points out, he has had to incur significant additional expenses in defending the default judgment, and Hornell has not offered to reimburse those. Further, although some courts consider offers to pay default judgment expenses made for the first time on appeal, we hold that the better practice is to assess whether the trial court abused its discretion based on the information available to the trial court at the time of the ruling. *See Zonker v. Sullivan*, 650 S.W.2d 189, 190–91 (Tex. App.-El Paso 1983, writ ref'd n.r.e.) (holding offer to pay expenses on appeal too late, noting that for trial court to properly exercise discretion, all elements of *Craddock* test must be presented to trial court); *Mitchell v. Webb*, 591 S.W.2d 547, 550 (Tex.App.-Fort Worth 1979, no writ) ("[Defendants] did not offer to reimburse [plaintiff] for any costs incurred in obtaining his default judgment until they filed their brief on appeal. This is clearly too late.");

*see also In re A.W.P.*, 200 S.W.3d 242, 245 (Tex.App.-Dallas 2006, no pet.) (reviewing trial court's decision based on evidence before it at the time, noting appellant had not shown trial court's decision was incorrect when made); *In re Harvest Cmtys. of Houston, Inc.*, 88 S.W.3d 343, 349 (Tex. App.-San Antonio 2002, no pet.) (stating that we "can only consider the record that was before the trial court at the time of the hearing" in determining whether the trial court's ruling was correct). *But see Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 22 (Tex.App.-Dallas 1977, writ ref'd n.r.e.) (reversing default judgment, in part based on defendant's new offer on appeal to pay expenses). Therefore, we conclude that Hornell's belated offer to pay Lara's trial level expenses does not entitle it to a new trial.

We affirm the trial court's judgment.

FOWLER, J., dissents.

WANDA McKEE FOWLER, Justice, dissenting.

I respectfully dissent. Because the defendant offered in the trial court to go to trial within two months of the motion for new trial hearing, and because the defendant also offered on appeal to pay Lara's reasonable attorney's fees and costs incurred in obtaining the default judgment, I would vacate the judgment and remand to the trial court.

At the motion for new trial hearing, the trial court was operating under two misconceptions. First, rather than focusing on the only pertinent question at a *Craddock* hearing—whether the three prongs of *Craddock* were satisfied and specifically here, whether the failure to answer was the result of mistake or accident rather than intentional—she focused on the defendant's procedure for handling process,

which she thought was cumbersome and designed to fail.[1]

Second, she believed that part of a defendant's burden at a motion for new trial includes a showing "that there will be no prejudice to the plaintiff, and that part of that showing requires that the defendant offer to pay the plaintiff's expenses so far in obtaining [the] default judgment." The Texas Supreme Court has not held that a defendant must offer to pay reasonable expenses and indicate a willingness to go to trial immediately before a new trial may be granted. In fact, the Court had this to say about that:

> Although [an offer to pay and readiness to go to trial] may be important factors for the court to look to in determining whether it should grant a new trial, they should not be the sine qua non of granting the motion. *United Beef Producers v. Lookingbill,* 532 S.W.2d 958, 959 (Tex. 1976).
>
> Involved is an equitable principle, and the court should deal with the facts on a case-by-case basis in order to do equity.

Failure to offer reimbursement should not in every instance preclude the granting of a new trial. *Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16 (Tex.Civ. App.-Dallas 1977, writ ref'd n.r.e.). The goal to be achieved is to not injure the plaintiff or unduly delay him by granting the motion.

*Angelo v. Champion Rest. Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986). If we apply this last principle-of not injuring the plaintiff or unduly delaying him by granting the motion-to this appeal, I believe the principle is met.

At the motion for new trial hearing below, Hornell offered to go to trial within two months from the hearing. And, although Hornell argued against paying Lara's fees and expenses, this position arguably had some merit. The record indicates that before Lara sued, it had undertaken settlement negotiations with Hornell's insurer regarding Lara's claims against Hornell.[2] When they did not settle, Lara sued. From Hornell's perspective, Lara knew Hornell's contact infor-

1. The defendant's procedure was no different from several other companies whose motions for new trial were upheld on the basis of mistake without any mention of the procedures they had instituted for forwarding process. *See Triad Contractors, Inc. v. Kelly,* 809 S.W.2d 683, 684, 686 (Tex.App.-Beaumont 1991, writ denied) (process papers received and forwarded by registered agent for service of process to a second party, who then forwarded the same to a third party who lost them; accident prong of *Craddock* test held satisfied); *State Farm Life Ins. Co. v. Mosharaf,* 794 S.W.2d 578, 580–81, 584 (Tex.App.-Houston [1st Dist.] 1990, writ denied) (process papers lost by the fourth party after having been received and forwarded by the defendant's registered agent for service of process to two other parties; accident prong of *Craddock* test held satisfied); *see also Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 574–76 (Tex. 2006) (per curiam) (process papers received by registered agent for service of process

and lost before being forwarded to general counsel; accident prong of *Craddock* test held satisfied); *Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex.1984) (defendant served with process, but papers not forwarded to defendant's counsel due to mistake made by defendant's secretary; accident prong of *Craddock* test held satisfied); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 124–26 (1939) (process papers received and forwarded by defendant's agent to a second party, who then forwarded the same to the defendant's insurer, where they were misplaced; Court held that the defendant's "failure to answer was on account of a mistake and was not intentional").

2. During the settlement negotiations, Hornell requested to inspect the bottle at issue, and apparently Lara denied that request. At the motion for new trial hearing, Hornell's counsel indicated that she would be ready to proceed to trial as soon as Hornell received the bottle from Lara and completed testing on it.

mation—including its mailing address—from correspondence between Lara and Hornell's insurer, Lara knew that Hornell was a solvent defendant, and Lara knew that Hornell would defend itself if sued. Under these circumstances, Hornell thought it rather unprincipled of Lara to obtain a default judgment against Hornell rather than contacting Hornell when it did not answer.

Regarding the third prong—injury or delay-the plaintiff showed no harm attributable to delay other than having to repeat his testimony and not having the case finalized. These reasons typically do not qualify as an injury that would defeat a valid *Craddock* motion. *See Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 270 (Tex.1994) (stating that the purpose of the third prong of the *Craddock* test is to protect a plaintiff against the sort of undue delay or injury, such as the loss of witnesses or other valuable evidence, that would disadvantage the plaintiff in presenting the merits of his case at a new trial). This prong of *Craddock* requires inquiry into whether the *substance* of the plaintiff's case has been injured by the delay, and not whether the plaintiff will be required to do something he would have had to do—testify at trial—even in the absence of default. *See id.*; *see also Jackson v. Mares,* 802 S.W.2d 48, 52–53 (Tex.App.-Corpus Christi 1990, writ denied). Here, Lara neither alleged nor proved any threat to his ability to present his case again at a new trial. *See Jackson,* 802 S.W.2d at 52–53; *Mosharaf,* 794 S.W.2d at 586. Furthermore, Lara failed to present any competent medical evidence in support of his claim that repeating his testimony at a new trial would cause him injury. *See Mosharaf,* 794 S.W.2d at 586. Moreover, the record does not reflect any special circumstances which would impose any hardship upon Lara if Hornell's motion for new trial were granted. *See Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 22 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.).

For these reasons, I would vacate the judgment and remand the case to the trial court.