**AFFIRMED; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01233-CV

### MASOUD KAHROBAIE, EBRAHIM KAHROBAIE, AND JOSEPH KAHROBAIE A/K/A YUSEF KAHROBEE, Appellants
### V.
### WILSHIRE STATE BANK, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-07903-D**

## MEMORANDUM OPINION
Before Justices Francis and Myers[1]
Opinion by Justice Myers

Appellants Masoud Kahrobaie, Ebrahim Kahrobaie, and Joseph Kahrobaie, a/k/a Yusef Kahrobee, appeal an order denying their motion to set aside and motion for new trial on appellee Wilshire State Bank's no-evidence summary judgment. In two issues, appellants contend (1) the trial court erred by denying appellants' motion to set aside the order granting no-evidence summary judgment and for new trial on the basis that there was no meritorious defense, and (2) the trial court abused its discretion by denying appellants' motion for new trial that was based on newly discovered evidence. We affirm.

---

[1] Justice David Lewis was a member of the panel and participated in the submission of this case, but he did not participate in the issuance of the opinion. *See* TEX. R. APP. P. 41.1(b).

## BACKGROUND AND PROCEDURAL HISTORY

This breach of contract lawsuit was originally brought by appellee, Wilshire, for collection of a deficiency on a promissory note following a foreclosure sale. Appellants signed guarantee agreements along with the promissory note. The documents were executed in July of 2007. The promissory note was payable to appellee in the amount of $3,375,000, and the loan proceeds were used by appellants to purchase a hotel located on Camp Wisdom road in Duncanville, Texas (the "hotel"). The loan was secured by a first lien mortgage to appellee.

Appellants made payments to appellee on the note. However, in December of 2010 a fire occurred at the hotel and part of the property was damaged. The hotel continued to operate in a diminished capacity, but appellants were unable to make the monthly mortgage payments, and appellee ultimately foreclosed on the hotel. Appellee hired Pyles Whatley Corporation to prepare an appraisal report for the purpose of selling the hotel at a foreclosure sale. The restricted appraisal report, sent to appellee in January of 2012, concluded that forty guest rooms of the 123 room hotel remained available as rented rooms, and that the property had an "as is" market value of $500,000. The hotel sold at a foreclosure sale in Dallas County, Texas on May 1, 2012, for $550,000.

Appellee filed its breach of contract suit against appellants on November 15, 2011. Appellants answered, after which they counterclaimed against appellee for fraud, fraud by nondisclosure, and statutory fraud. On May 8, 2013, appellee filed a no-evidence motion for summary judgment. Appellants did not respond to the motion. On June 3, 2013, the trial court signed a final judgment ordering that appellants were jointly and severally liable to appellee in the amount of $2,982,758.49, together with interest, attorneys' fees, and court costs. The trial court also ordered that appellants take nothing from appellee. In their June 3, 2013 motion to set aside the order granting appellee's no-evidence motion for summary judgment and motion for

new trial, appellants' counsel argued he was unaware the no-evidence motion for summary judgment had been filed and set for a hearing. The motion to set aside was heard on July 8, 2013. After the hearing, the trial court signed an order denying the motion to set aside on July 10, 2013. This appeal followed.

**DISCUSSION**

***Craddock Factors***

Appellants frame their first issue as follows:

> Did the trial court err when it denied Appellants' Motion for New Trial, on the reasoning that there was no meritorious defense of fraud by nondisclosure in a foreclosure sale, when the evidence presented demonstrated that Appellees made false and/or misleading statements to potential bidders orally and in an appraisal report, with the knowledge that the potential bidders would relay that information to Appellants?

We review a trial court's denial of a motion for new trial following a post-answer default for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006); *Dir. State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A default judgment should be set aside and a new trial granted if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake or accident; (2) the defendant sets up a meritorious defense; and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (citing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). When applied to the summary judgment context, various Texas courts, including this Court, require the party seeking a new trial to show, regarding the second prong of the test, factual proof that raises a material question of fact. *See, e.g., Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ ref. n.r.e.); *Washington v. McMillan*, 898 S.W.2d 392, 395 (Tex. App.—San Antonio 1995, no writ). The defaulting defendant has the burden of proving that all three elements of the *Craddock* test are met before a trial court is required to grant a motion for

new trial. *Utz v. McKenzie*, 397 S.W.3d 273, 278 (Tex. App.—Dallas March 1, 2013, no pet.); *Scenic Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590 (Tex. App.—El Paso 2005, no pet.). If the defendant fails to meet any one of the three requirements, the trial court does not abuse its discretion by denying a new trial. *See Continental Carbon Co. v. Sea–Land Serv., Inc.*, 27 S.W.3d 184, 191 (Tex. App.—Dallas 2000, pet. denied); *4180 Belt Line, Ltd. v. Lone Star Valet Parking Servs., Inc.*, No. 05–10–00943–CV, 2012 WL 602922, at *1 (Tex. App.—Dallas Feb. 24, 2012, no pet.) (mem op., not designated for publication).

Appellants' issue stresses the second element of the *Craddock* test—whether they set up a meritorious defense. Appellants do not discuss the third element except to argue it is not at issue, and as support they point to the hearing on their motion to set aside, where, according to appellants, the representations of the trial court during the hearing showed that the only issue preventing the granting of the motion for new trial was whether appellants presented a meritorious defense. We have reviewed the reporter's record of the July 2013 hearing, and what it shows is that the trial court focused most, if not all, of its attention on the second *Craddock* element. The third element was barely mentioned, much less discussed, and at no point during the hearing did the trial court indicate that the third element had been established, nor did appellee's trial counsel concede the issue. Furthermore, the trial court's order denying the motion to set aside and motion for new trial did not specify a basis for the court's ruling.

The purpose of the third element of the *Craddock* test "is to protect a plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial, 'such as the loss of witnesses or other valuable evidence.'" *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (quoting *Evans*, 889 S.W.2d at 270); *L'Arte De La Mode, Inc. v. Neiman Marcus Group*, 395 S.W.3d 291, 297 (Tex. App.—Dallas 2013, no pet.). The general rule is that once a defendant alleges that the granting of a new trial

–4–

will not injure the plaintiff, the burden shifts to the plaintiff to establish proof of injury. *Evans*, 889 S.W.2d at 270; *L'Arte De La Mode,* 395 S.W.3d at 297; *Hampton-Vaughan Funeral Home v. Briscoe*, 327 S.W.3d 743, 749 (Tex. App.—Fort Worth 2010, no pet.). But "[a]n equitable principle is involved and courts should deal with the facts on a case by case basis in order to do equity." *Evans*, 889 S.W.2d at 270; *see Hornell Brewing Co., Inc. v. Lara*, 252 S.W.3d 426, 428 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Hahn v. Whiting Petroleum Corp.*, 171 S.W.3d 307, 311 (Tex. App.—Corpus Christi 2005, no pet.). The fact that a defendant offered to reimburse the plaintiff for costs associated with the default judgment and stated it is prepared for an immediate trial are two important factors to consider in making such a case-by-case determination. *See Evans*, 889 S.W.2d at 270 n.3; *Cliff*, 724 S.W.2d at 779; *Jaco v. Rivera*, 278 S.W.3d 867, 873–74 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Hornell*, 252 S.W.3d at 428; *Titan Indem. Co. v. Old South Ins. Group, Inc.*, 221 S.W.3d 703, 712 (Tex. App.—San Antonio 2006, no pet.); *Hahn*, 171 S.W.3d at 311.

In this case, appellants' motion alleged that "the granting of a new trial will not occasion delay or injure Wilshire, as the discovery deadline has not yet passed." There was, however, no such statement in the supporting affidavit from appellants' trial counsel, which explained that his failure to appear at the hearing on appellee's no-evidence motion for summary judgment was due to a mistake on his part and not the result of conscious indifference. Neither the motion nor the affidavit alleged that appellants were ready, willing, or able to go immediately to trial, nor did they offer to reimburse appellee for the expenses incurred in obtaining summary judgment. As the Texas Supreme Court has stated, conclusory allegations are insufficient to establish the *Craddock* factors. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). And appellants were required to prove all three elements of the *Craddock* test to show that the trial court abused its discretion. *See Utz*, 397 S.W.3d at 278. Given the record in this case, we cannot

say the trial court abused its discretion.  We overrule appellants' first issue.

### *Newly Discovered Evidence*

In their second issue, appellants contend the trial court abused its discretion by denying the motion for new trial "based on 'good cause' or 'justice' grounds, when newly discovered evidence demonstrated that there was a potential claim for conversion against Appellee."

Rule 320 of the Texas Rules of Civil Procedure provides, in part, that "[n]ew trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct."  TEX. R. CIV. P. 320.  When a party moves for a new trial based upon the existence of newly discovered evidence, that party has the burden of showing: (1) the evidence has come to light since trial; (2) it is not due to lack of diligence that it was not produced sooner; (3) the new evidence is not cumulative; and (4) the new evidence is so material that it would probably produce a different result if a new trial were granted.  *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *Chapman v. Abbot*, 251 S.W.3d 612, 620 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Armendariz v. Redcats*, *USA, L.P*., 390 S.W.3d 463, 471 (Tex. App.—El Paso 2012, no pet.).  Whether a motion for new trial based on newly discovered evidence will be granted or refused generally is a matter left to the sound discretion of the trial court.  *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003).  Accordingly, we review the trial court's failure to grant a motion for new trial for an abuse of discretion and indulge every reasonable presumption in favor of upholding the order.  *Id*. at 809–10.

In their motion to set aside and motion for new trial, appellants stated that "new evidence of misconduct on the part of Wilshire Bank has been recently discovered by interviewing and speaking to various individuals who had attempted to purchase the note on the hotel prior to the foreclosure by Wilshire Bank."  Appellants alleged that their newly discovered evidence "will

show there are individuals who engaged in extensive negotiations with Wilshire prior to the foreclosure of the Hotel," and that appellants "believe the evidence will show that Wilshire rejected the offer of approximately $1,000,000" for the purchase of the hotel in order to sell it for the much lower value of $550,000. Appellants supported their motion with affidavits from two acquaintances of appellants who were allegedly interested in purchasing the hotel after appellee foreclosed on it—Fred Bahari and Don (Giddon) Barad. Their affidavits stated that appellee represented to Barad, a liaison for Bahari, that the value of the hotel after the December 2010 fire "was more than $1,000,000." The affidavits also alleged that appellee refused to sell Barad and Bahari the promissory note because of their acquaintance with appellants, believing appellants were the ones attempting to purchase the note.

Appellants' motion for new trial simply does not meet the requirements for a new trial based on newly discovered evidence. The affidavits from Bahari and Barad do not demonstrate that the evidence was "newly" discovered or that the failure to discover it sooner should be excused. *See Waffle House*, 313 S.W.3d at 813. In fact, appellants acknowledge that they were personally acquainted with Barad and Bahari, yet they made no effort to show why the evidence regarding appellee's alleged valuation of the Hotel at over $1,000,000, or its alleged refusal to sell the note to Barad and Bahari, could not have been discovered sooner with the exercise of due diligence. The trial court noted this deficiency when it overruled the motion to set aside, telling appellants' trial counsel that Barad and Bahari were "friends of your clients" and "that these gentlemen all know each other," but there was no explanation as to why appellants "couldn't have discovered all of this information prior to June 7th, 2013, when these men signed these affidavits." Nor did the motion show the new evidence was so material that it would probably produce a different result were a new trial granted. *See id*. The trial court therefore could have reasonably concluded appellants did not demonstrate grounds for a new trial based on

newly discovered evidence.  We overrule appellants' second issue.

The trial court's judgment is affirmed.

131233F.P05

/ Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MASOUD KAHROBAIE, EBRAHIM
KAHROBAIE, AND JOSEPH
KAHROBAIE A/K/A YUSEF
KAHROBEE, Appellant

No. 05-13-01233-CV      V.

WILSHIRE STATE BANK, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-11-07903-D.
Opinion delivered by Justice Myers.
Justice Francis participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee WILSHIRE STATE BANK recover its costs of this appeal from appellants MASOUD KAHROBAIE, EBRAHIM KAHROBAIE, AND JOSEPH KAHROBAIE A/K/A YUSEF KAHROBEE.

     Judgment entered this 30th day of October, 2014.