**AERO MAYFLOWER TRANSIT COMPANY, INC., Appellant,**

v.

**Ralph W. SPOLJARIC et ux, Cecilia Spoljaric, Appellees.**

**No. 2–83–119–CV.**

Court of Appeals of Texas, Fort Worth.

March 22, 1984.

Rehearing Denied May 3, 1984.

David Westfall, Dallas, for appellant.

Gandy, Michener, Swindle, Whitaker, & Pratt and Gaylen L. Groce and Stephen M. Stewart, Fort Worth, for appellees.

Before HUGHES, ASHWORTH and HILL, JJ.

## ON MOTION FOR REHEARING

ASHWORTH, Justice.

Our prior opinion and judgment issued in the above referenced cause on February 9, 1984 are hereby withdrawn and the following substituted therefor.

When the attorney for Aero Mayflower Transit Company, Inc. (Aero), defendant below, failed to appear for trial, the case was tried to a jury in the attorney's absence and judgment rendered against Aero. Aero filed a motion for new trial which was denied, and Aero appeals from such denial.

The judgment is reversed and the cause remanded.

Appellant presents three points of error:

(1) Error in proceeding to trial and denial of motion for new trial because appellant's attorney was in trial of a criminal case when the instant case was tried, and appellant has pleaded and proved the requirements of the *Craddock* Rule.

(2) The trial court abused its discretion in denying the motion for new trial because appellant's attorney was actually trying a criminal case and his non-appearance was not due to his fault or negligence.

(3) Error in denying the motion for new trial because Rule 253 cannot constitutionally be construed to deny a jury trial on a pleaded defense, counsel of its own choice, or to punish appellant because its attorney was fulfilling his duty in a priority criminal case.

Appellees, Ralph and Cecilia Spoljaric, filed suit against appellant, alleging the loss of certain personal property while being moved from New York to Texas. The motion for new trial, supporting affidavits, and record of the hearing on the motion show the case was set for jury trial during the week of April 11, 1983. On April 7, 1983, the trial court held docket call in accordance with its local rules, and appellees announced "ready." There was no announcement from appellant. On that same day, April 7, 1983, the depositions of the appellees were taken and their attorney was advised that appellant's attorney had conflicts the week of the trial setting.

After docket call, the instant case was number twelve on the court's docket. At

some time subsequent to docket call, the court's clerk telephoned the office of appellant's attorney, spoke to his secretary, and advised that the case was set for trial on Thursday morning, April 14, 1983, and was number two for that time. The secretary told the clerk the attorney had plans to be out of town on April 14 and 15, 1983. The secretary was instructed by the attorney to call the judge, advise of the conflict, and to obtain a new setting. The secretary thought the setting was for 10:00 a.m. and intended to call before that time on April 14.

At 9:20 a.m. on April 14, the trial judge called to speak to the attorney and was advised by the secretary that the attorney was in trial. The judge told the secretary the case was going to trial at 9:30 a.m., with or without the attorney. The secretary was not able to advise the attorney of the situation until about 10:30 a.m.

The affidavit of appellant's attorney states he went to McKinney on Monday, April 11, for a trial, but the case was reset. He tried a divorce case in Dallas on April 12. He had intended to be out of town the 14th and 15th, but was called to trial on the 14th in a criminal case in a Dallas County Criminal Court. During a mid-morning break, his secretary told him of the call from the Fort Worth judge. The attorney tried to call the judge, who was then in trial. The attorney left word for the judge to call him, and at 12:30 p.m., the judge told him the case had been tried.

Appellant contends, and we agree, that this case is subject to the requirements set forth in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939, opinion adopted). While *Craddock* involved a default judgment when no answer had been filed, it sets forth the requirements which must be satisfied to entitle one to a new trial, and those same requirements must be satisfied in a case such as the instant one. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

■ The requirements are:

(1) The failure of the defendant to answer or appear was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident.

(2) The motion for new trial sets up a meritorious defense, and

(3) is filed at a time when its granting will occasion no delay or otherwise work an injury to the plaintiff.

■ The first requirement has been satisfied by appellant. The attorney certainly was not consciously indifferent in his failure to appear. His failure to appear was intentional, but only because he was in trial in a criminal case, and because he relied on his secretary to arrange for a new setting. In one sense, his failure to appear was due to a mistake on his part in relying on his secretary, and on her part in planning to call for a new setting on the morning the case was set for trial. In applying a liberal interpretation to the first requirement, it has been satisified.

The second requirement requires that the motion for new trial must set up a meritorious defense. In its motion for new trial, appellant alleges the defense of settlement, compromise, and release. Attached to the motion is a copy of a bill of lading and a check payable to Ralph Spoljaric in the amount of $1,250.00. The attorney's affidavit states the check contains a release by the payee of the claims indicated on the face of the check.

■ It has been held that the requirement of meritorious defense does not require proof of the defense; on the other hand, mere allegation of a defense is not sufficient. The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *Ivy v. Carrell, supra.* We hold the motion, exhibits, and affidavit in the instant case satisfy the requirement of meritorious defense.

The third requirement is that granting the motion will occasion no delay or otherwise work an injury to the plaintiff. In its

motion for new trial, appellant states it is ready to go to trial when properly set, and stands ready to deposit $500.00 into the registry of the court to cover appellees' expenses in obtaining the default judgment, to be paid to appellees should they be successful in prosecution of the suit, and to be returned to appellant if judgment be rendered in its favor upon a new trial.

In his motion for rehearing, appellant explains the conditional nature of the offer to pay appellees' expenses as being occasioned by his belief and understanding that the attorney for appellees were being paid on a contingency basis so that if the appellees were not successful there would be no attorney's fees. Appellant calls our attention to the fact that there was no controverting response to his motion for new trial and that the record does not reflect any special circumstances which would impose a hardship upon appellees. The motion for new trial was filed only three days after rendition of the default judgment, and Aero has consistently maintained that it stands ready for trial. Its motion for rehearing states that it is ready and willing to reimburse appellees for their reasonable costs in obtaining a default judgment.

■ Upon original submission we felt that the case of *Mitchell v. Webb*, 591 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1979, no writ), should govern the disposition of the instant case, however, upon reexamining our position, we are persuaded that the facts in *Mitchell* can be distinguished from those at hand. In *Mitchell* the appellant did not offer to reimburse the appellee for costs incurred in obtaining the default judgment until he filed his brief on appeal. In *Mitchell,* we also found that the appellants never showed that they were ready, willing or able to go to trial immediately and further, that the Mitchell's motion failed to present a meritorious defense. Thus in *Mitchell,* none of the three requirements of the *Craddock* rule were established. Since in the instant case, appellant in his motion for new trial made the conditional offer of reimbursement, and in his brief before this court offered such reimbursement without condition, and since the matter was not made an issue by response or argument upon the hearing of the motion for new trial, we conclude that the third prong of the *Craddock* rule has been met.

Appellees urge to this court that even if all parts of the *Craddock* test had been met, it is in the discretion of the trial court to decide whether the facts of the case warrant a vacation of the default judgment and the granting of a new trial. It is true that in *Mitchell* we wrote:

Once these prerequisites are met, it is within the discretion of the trial court to decide whether the facts of the case warrant vacation of the default judgment and the granting of a new trial. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976).

*Mitchell, supra,* at 550. We further wrote in *Mitchell* that the process directed at having the default judgment set aside and a new trial granted is in the nature of an equitable proceeding. *Craddock, supra.*

Reexamining the intermediate appellate court's decision in *Sunshine Bus Lines v. Craddock,* 112 S.W.2d 248, 251–52 (Tex. Civ.App.—Fort Worth 1937), we note that there we said:

It is a uniform rule of the decisions of this state that the trial judge is vested with discretionary power to grant or refuse a motion to set aside a judgment by default, and that his action thereon cannot be disturbed on appeal therefrom unless it appears that there has been an abuse of that discretion.

and

Frequent announcements in the decisions to the effect that the determination of such issues is 'within the discretion of the court' means no more than that the court is vested with jurisdiction to determine them in accordance with the principles of equity applicable thereto. The designation of such power as a discretionary power may tend to confusion. As shown in 18 C.J. pp. 1134 to 1137, and numerous cases there cited, 'judicial discretion' has a two-fold meaning; one per-

taining to procedure only not affecting the ultimate rights of litigants and from which no appeal will lie; and the other involving rights of litigants both legal and equitable, determinable according to the applicable principles of law and equity, and not according to the arbitrary will of the court without authority of law.

 In *Craddock, supra,* at 126, the Commission of Appeals of Texas, Section A, in discussing the matter of discretion, also wrote:

> [W]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment *should* be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. [Emphasis supplied.]

In *Mitchell* we defined the term "or otherwise work an injury to the plaintiff" as stated in *Craddock,* to mean and include two elements, the first being that the defendant is willing and able to go to trial immediately, and the second, that he is willing to reimburse the plaintiff for all his reasonable costs incurred in obtaining the default judgment. Accordingly, we apply the rule of *Craddock* as requiring that this default judgment should be set aside and we therefore reverse the judgment of the trial court and remand this cause for a new trial subject to the trial court's determination of appellees' expenses in securing the default judgment and a reimbursement of

that sum by appellant. *See Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) and *Boulware v. Security State Bank, Navasota,* 598 S.W.2d 687 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Reversed and remanded.