NUMBER 13-03-314-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DOLGENCORP OF TEXAS,
INC. D/B/A 

DOLLAR GENERAL STORE,                                        Appellant,

 

                                           v.

 

MARIA ISABEL LERMA, INDIVIDUALLY AND 

D/B/A LE STYLES, ET AL.,                                        Appellees.

 

 

 

                  On appeal from the 103rd
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

              Before Justices Rodriguez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








A post-answer default judgment was issued against
Dolgencorp of Texas, Inc., d/b/a Dollar General ("Dollar General").[1]  Dollar General appeals the judgment by four issues:  (1) challenging the legal and factual
sufficiency of the evidence supporting the liability finding, specifically as
to causation; (2) claiming the judgment is based on an unplead theory of
recovery; (3) asserting the trial court abused its discretion in denying Dollar
General's motion for new trial; and (4) alleging an alternate trial court
abused its discretion in denying Dollar General's motion to recuse the trial
court from hearing the motion for new trial. 
We reverse and remand.

I.  Background








On May 9, 2000, a fire originated at a Dollar
General store located in the Palm Village Shopping Center in Brownsville,
Texas.  Business tenants of the shopping
center sustaining damages from the fire ("appellees") brought claims
against Dollar General based on (1) negligence, (2) negligent activities, and
(3) premises defect.  After Dollar
General successfully opposed the plaintiffs' motion for continuance, trial was
originally set for Monday, February 24, 2003, in the 103rd District Court.  Clifford Harrison served as lead counsel for
Dollar General.  Mr. Harrison's
associate, Christopher Sachitano, appeared at docket call on Friday, February
21, 2003, and informed the court that Mr. Harrison was preferentially set for
trial in Harris County the same day Dollar General's case was set to go to
court.  At the appellees' request, the
Dollar General case was subsequently moved to the 404th District Court.  On February 24, 2003, Mr. Sachitano appeared
before the 404th District Court and apprised it of the situation with Mr.
Harrison.  The trial court informed Mr.
Sachitano that it was "willing to work with them on the trial
scheduling," and would not make Mr. Sachitano try the case by himself.  The court then rescheduled the trial to begin
two days later, on February 26, 2003. 
Over the next two days the attorneys involved and others made multiple
calls to the trial court's office informing it that Mr. Harrison would not
complete his preferentially set trial until the end of the week.  On February 26, 2003, the trial court
nevertheless called the Dollar General case to begin.  Neither Mr. Harrison nor Mr. Sachitano were
present.  The trial court announced that
it had heard nothing from Dollar General's counsel, proceeded to hear the
appellees' evidence, and granted a default judgment.  Dollar General timely filed a motion for new
trial, and a motion to recuse the trial court judge from hearing the motion for
new trial.  Both motions were denied, and
this appeal ensued. 

II.  Motion for New Trial

Dollar General's third
issue on appeal alleges that the trial court erred in denying Dollar General=s motion for new
trial.

A.  Standard of Review








Even if the evidence
were legally sufficient, we would reverse and remand based on our disposition
of Dollar General's third issue.  A
motion for new trial, following a default judgment, is addressed to the trial
court's discretion and the court's ruling will not be disturbed on appeal
absent a showing of an abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).  A trial court abuses its discretion if its
decision is arbitrary, unreasonable, and without reference to any guiding rules
and principles. Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  In Craddock v. Sunshine Bus Lines, Inc.,
133 S.W.2d 124, 126 (1939), the Texas
Supreme Court set forth the guiding rule or principle in granting a motion for
new trial: 

A default judgment should be set aside and a new
trial ordered in any case in which 1) the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or accident; provided 2) the motion for a
new trial sets up a meritorious defense and 3) is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff. 

 

Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987) (citing Craddock, 133 S.W.2d
at 126).  A trial court abuses its
discretion if it denies a motion for new trial when the defendant satisfies the
Craddock standard.  See Old
Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994).  Additionally, the requisites for granting a
motion to set aside a trial court's default judgment also apply to a post-answer
default judgment. Huggins, 724 S.W.2d at 779. 

B. 
Application of Craddock is Appropriate








The appellees contend that the Craddock
standard does not apply here, because Mr. Harrison never filed a formal motion
for continuance prior to his failure to appear. 
In support of this position, the appellees rely on Carpenter v.
Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002).  The Texas Supreme Court held that "Craddock
does not apply to a motion for new trial filed after judgment has been granted
on a summary‑judgment motion to which the non-movant failed to
timely respond when the movant had an opportunity to seek a continuance or
obtain permission to file a late response."  Carpenter, 98 S.W.3d at 686
(Emphasis added).  In Carpenter,
counsel for the plaintiff discovered two days prior to a scheduled summary
judgment hearing that no summary judgment response had been filed on behalf of
his client.  Id. at 684.  On the day of the summary judgment hearing,
the plaintiff filed a motion for leave to file a late response and a motion to
continue the scheduled summary judgment hearing.  Id. 
The trial court denied the plaintiff's motions and granted the
defendant's summary judgment.  Id.  In affirming the trial court's denial of the
plaintiff's later motion for new trial under Craddock, the Carpenter
court noted that the purpose in adopting the Craddock standard was to
alleviate unduly harsh and unjust results at a point in time when the
defaulting party has no other remedy available.  Id. at 686. (Emphasis added).  The plaintiff in Carpenter had the
alternate remedy of appealing the trial court's denial of his motion for leave
to file a late response to the summary judgment motion.  Id.








While the appellees
urge us to apply the Carpenter holding to the case at hand, we interpret
the Carpenter opinion as a restraint on the application of the equitable
remedy set out in Craddock, in the summary judgment context, where the
complaining party has other remedies available. 
Id. at 686.  We decline to
expand the scope of that holding to the context of a Craddock motion for
new trial following a post-answer default judgment.  As such, we conclude the standard set forth
in Craddock is the applicable and appropriate standard in this situation
and is not limited by the Carpenter decision.

C. Analysis

1. Failure to Appear

In applying the Craddock
test, we must first determine whether Mr. Harrison established that his failure
to appear for trial was neither intentional nor the result of conscious
indifference.  In order to make this
determination, we must look to the knowledge and acts of the appellant.  State v. Sledge, 982 S.W.2d 911, 914
(Tex. App.BHouston [14th Dist.]
1998, no writ); Prince v. Prince, 912 S.W.2d 367, 370 (Tex. App.BHouston [14th Dist.]
1995, no writ).  To be entitled to a new
trial, an appellant need only show a slight excuse for failing to appear.  Sledge, 982 S.W.2d at 914.  A failure to appear is not intentional or due
to conscious indifference merely because it was deliberate; it must also be
without adequate justification.  Smith
v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995) (per
curiam).  Proof of such justificationBaccident, mistake, or
other reasonable explanationBnegates the intent or
conscious indifference for which a new trial can be denied.  See id.   













The Texas Supreme
Court has concluded that a conflicting trial setting is a reasonable
explanation for failure to appear resulting in dismissal for want of
prosecution.[2]  See id. (holding that a trial
court abused its discretion in not reinstating a case dismissed for want of
prosecution where counsel for the appellant failed to appear for trial because
he was in trial in another county).  The
appellees argue that failure to appear for trial without filing a formal motion
for continuance is never justified. 
However, in  Aero Mayflower
Transit Co. v. Spoljaric, our sister court, applying Craddock,
concluded that an appellant who had not filed a formal motion for continuance,
but was in trial in another case, "certainly was not consciously
indifferent in his failure to appear. 
His failure to appear was intentional, but only because he was in trial
in [another] case."  Aero
Mayflower Transit Co. v. Spoljaric, 669 S.W.2d 158, 160 (Tex. App.BFort Worth 1984, writ
dism'd).  In Spoljaric, the trial
court set the case for April 14, 1983.  Id.
 The appellant's attorney had
conflicts the week of the trial setting. 
Id.  Subsequently, the
appellant's attorney told his secretary to call the trial court to advise of
the conflict, and obtain a new setting.  Id.  The secretary thought the setting was for
10:00 a.m. and intended to call before that time on April 14.  At 9:20 a.m. on April 14, the trial court called
to speak to the attorney, at which time the secretary advised it that the
attorney was in trial.  Id.  The trial court told the secretary the case
was going to trial at 9:30 a.m., with or without the attorney.  Id. 
The trial court allowed the case to be tried without the appellant's
attorney present.  The appellant filed a
motion for new trial, which was denied. 
However, our sister court reversed and remanded for a new trial in
accordance with Craddock.  Id.








Similarly, in the
present case, Mr. Harrison, lead counsel for Dollar General, in trial in Harris
County, believed the trial court would postpone the Dollar General case until
the completion of his preferentially set case. 
The record indicates that the Dollar General case was originally set for
trial Monday February 24, 2003 in the 103rd district court.  At docket call Friday, February 21, 2003, Mr.
Harrison's associate, Mr. Sachitano, informed the court of Mr. Harrison's
conflicting trial settings.  The
103rd  court advised Mr. Sachitano to
return on Monday, but informed the parties that he had a full docket and he
would not decide what to do about Mr. Harrison's issue until the case came up
again on the docket.  On Monday, February
24, 2003, while the 103rd court was hearing another matter,  appellees' counsel successfully had the trial
moved to the 404th district court ("trial court").  Mr. Sachitano specifically informed the trial
court that he personally was not qualified to try the case, and that lead
counsel for Dollar General, Mr. Harrison, was currently in trial in Harris
County.  The trial court informed Mr.
Sachitano that he would not have to try the case on his own, and that the trial
court was going to "work with [them]" on scheduling.  Accordingly, the trial court re-scheduled the
case for Wednesday, February 26, 2003. 
Mr. Sachitano reiterated to the court that Mr. Harrison may or may not
be available by the new trial date, depending on the conclusion of his trial in
Harris County.  Subsequently, the court
informed the bailiff to "get the telephone numbers of the jurors" and
tell them to be on "stand-by" in case the Dollar General matter had
to begin.

In the two days
leading up to trial, and on the morning of trial, Mr. Harrison had his
secretary, his associate, and both the court-coordinator and the judge from the
Harris county court where he was in trial call the trial court's office to
inform it that Mr. Harrison was still in trial.[3]  The trial court, in denying Dollar General's
motion for new trial, stated that at no time between Monday, February 26, and
Wednesday, February 27 did the court receive a call from Mr. Harrison's office.  It further stated, "[T]his court asked
if there was any letters, any faxes, any communication to the court, [nothing]
whatsoever was communicated to the court." 
The evidence presented at Dollar General's hearing on the motion for new
trial clearly demonstrates that Mr. Harrison not only informed the court of his
conflicting trial settings, but made repeated efforts to keep the court
apprised of his status.[4]  We conclude that while Mr. Harrison's failure
to appear was intentional in that he was aware of the trial setting, it was not
without adequate justification, nor was it the result of conscious indifference.  See Spoljaric, 669 S.W.2d at 160.  Accordingly, we conclude that Dollar General
satisfied the first prong of the Craddock test.  

2. Meritorious Defense








The second element of Craddock
requires that the motion for new trial set up a meritorious defense.  Craddock, 133 S.W.2d at 126.  The defendant is not required to prove a
meritorious defense; he is merely required to set up a meritorious
defense.  Dir. State Employees
Worker's Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994).  A meritorious defense is one that, if proven,
would cause a different result upon retrial of the case, although it need not
be a totally opposite result.  Jackson
v. Mares, 802 S.W.2d 48, 51 (Tex. App.BCorpus Christi 1990, writ
denied); Ferguson & Co. v. Roll, 776 S.W.2d 692, 698 (Tex. App.BDallas 1989, no
writ).  A motion for new trial should be
granted if the facts alleged in the motion and supporting affidavits set up a
meritorious defense, regardless of whether those facts are controverted.  Id. 
If the motion for new trial and affidavits raise several defenses, the
second prong of the Craddock test will be satisfied if any one of its
defenses qualifies as meritorious. Id. 
The appellees' second amended petition alleged that Dollar General's
lack of a complete firewall and fire prevention devices such as a sprinkler
system posed an unreasonable risk of harm to the appellees and their
customers.  The appellees also alleged
negligence on the part of Dollar General, and at the bench trial on February
26, 2003, presented evidence that Dollar General failed to properly address a
burning smell coming from a light fixture that the appellees contend was the
possible origin of the fire. 








In the motion for new
trial, Dollar General argued that there was no defect in the fire wall and it
claimed it could have brought forth evidence during trial that the Dollar
General store met all building specifications and passed all city inspections.  In addition, no applicable city ordinances or
fire codes required Dollar General to have a sprinkler system.  Further evidence supporting Dollar General's
motion for new trial included the Brownsville Fire Department's official fire
investigation report, which concluded that the electrical system was not the
cause of fire.  Additionally, at the
hearing on the motion for new trial, Dollar General's counsel pointed out that
the appellees' damages expert did not subtract overhead costs from his calculations
of lost profits for the appellees' businesses. 
Based on Dollar General's motion for new trial and subsequent hearing,
we conclude that Dollar General set up a meritorious defense.  We conclude that Dollar General has met the
second requirement set forth in Craddock.  

3. Delay or Injury to
Plaintiff








The third prong of the
Craddock test requires that the defendant "file the motion for new
trial when it would not cause delay or otherwise injure the prevailing
party." Craddock, 133 S.W.2d at 126.  In determining this factor, courts should
deal with the facts on a case‑by‑case basis in order to accomplish
equity.  Angelo v. Champion Rest.
Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986). 
That a defendant offers to reimburse the plaintiff for costs associated
with the default judgment and states it is prepared for immediate trial are
important factors to be considered in making such a case‑by‑case
determination.  Cliff, 724 S.W.2d
at 779.  Once a defendant alleges the
granting of a new trial will not injure the plaintiff, the burden shifts to the
plaintiff to establish proof of injury.  Evans,
889 S.W.2d at 270.

Dollar General has
alleged that granting a new trial would not cause any undue delay or prejudice
to the appellees.  Dollar General also
stated in its motion for new trial that it was prepared for trial, and willing
to reimburse the appellees for any reasonable costs associated with the default
judgment.  Thus, the burden shifted to
the appellees to establish proof of injury. 
Evans, 889 S.W.2d at 270. 
At the hearing on the motion for a new trial, the appellees argued that
granting a new trial would cause "extreme harm and prejudice" because
Dollar General would "now know what the appellees were going to be
alleging and arguing to the jury." 
However, if this argument were sufficient to establish injury, and thus
defeat the third prong of Craddock, this type of argument could be made
by every party ever prevailing in a post-answer default judgment.  Further, the allegations and evidence presented
by the appellees at the bench trial were already available to Dollar General
through the pleadings and discovery process. 
As the record is absent of any evidence of hardship or undue delay which
would be suffered by appellees, we conclude that Dollar General has satisfied
the third prong of the Craddock test.

C. Conclusion








When a post-answer
default judgment is granted, a trial court abuses its discretion if it denies a
motion for new trial where the defendant satisfies the Craddock
standard.  See Old Republic Ins. Co.,
873 S.W.2d at 382.  Dollar General has
met the three requirements set forth in Craddock.  Thus, we sustain Dollar General's third issue
on appeal and remand for new trial.  

III.  Legal
Sufficiency

By its first issue on appeal, Dollar General claims
the appellees' evidence is legally or factually insufficient to prove that
Dollar General's negligence was the proximate cause of the damages for which
appellees seek recovery.  As we are
required to render unless remand is necessary, (Tex. R. App. P.
43.3), we consider this issue as Dollar General asks that we reverse and render
based upon it.  

A motion for new trial is one of five ways to
preserve error for no-evidence challenges. 
See Cecil v. Smith, 804 S.W.2d 509, 510‑11 (Tex.
1991).  To preserve error, the motion
must be sufficient to call the trial court's attention to the matter at
issue.  TEX. R. APP. P. 33.1(a); Wal‑Mart
Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999) (per
curiam).  Dollar General's motion for new
trial alleged the "plaintiffs had developed no evidence, and designated no
expert that would indicate that the Dollar General light fixture, any possible
'defect' in the fire wall, or the absence of a sprinkler system was a proximate
cause of the fire." 

A.  Standard
of Review








In determining a legal sufficiency question, we
consider only the evidence and inferences that tend to support the finding and
disregard all evidence and inferences to the contrary.  Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 84 (Tex. 1992).  If there
is more than a scintilla of evidence to support the finding, the no‑evidence
challenge fails.  Id.  The evidence is no more than a scintilla and,
in legal effect, is no evidence "when the evidence offered to prove a
vital fact is so weak as to do no more than create a mere surmise or suspicion
of its existence."  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  Conversely, more than a scintilla exists when
the evidence "rises to a level that would enable reasonable and fair‑minded
people to differ in their conclusions."  Transp. Ins. Co. v. Moriel, 879 S.W.2d 10,
25 (Tex. 1994).

B.  The Law on
Negligence

In its final judgment the trial court specifically
found Dollar General liable "with respect to the cause of action for
negligence."  Texas law requires
proof of three familiar elements to sustain a cause of action for
negligence:  (1) a legal duty owed by one
party to another, (2) a breach of that duty, and (3) damages proximately caused
by the breach.  D. Houston, Inc. v.
Love, 92 S.W.3d 450, 454 (Tex. 2002). The non‑existence of a duty
ends the inquiry into whether negligence liability may be imposed.  Van Horn v. Chambers, 970 S.W.2d 542,
544 (Tex. 1998). 

C.  Evidence
Presented








At the bench trial resulting in the post-answer
default judgment, the appellees presented the testimony of Eduardo Flores, an
employee of Dollar General who was working on the day of the fire.  Flores testified that around 3:30 p.m. on the
day of the fire, he was unloading boxes when he smelled smoke or some kind of
electrical burning.  Flores was asked to
change a florescent light bulb; however, he testified that the smell continued
even after he changed out the light. 
Assistant manager Juan Molina stated that he smelled a burning smell
around 4:00 p.m., and was also notified by customers of the smell.  Rosa Pena, a customer at Dollar General,
testified she was in the store around 6:00 p.m and remembered a very strong
smell of something burning which she characterized as roof tar burning.  Pena testified that she notified a Dollar
General cashier.  According to testimony,
the assistant manager, store manager, and area manager were all on the premises
of Dollar General and were all aware of the burning smell.  Dollar General's management and employees did
not call the fire department to investigate the situation.  The City of Brownsville was not called to
investigate any potential electrical problems. 
Nor did Dollar General's management close the store or shut the power
off to investigate the potentially hazardous situation. 

D.  Analysis

The appellees' last live pleading alleged that
Dollar General's conduct "constituted a breach of the duty of ordinary
care."  However, upon careful review of the record we
conclude that the appellees did not establish at trial the existence of a legal
duty owed by Dollar General to the appellees. 
Further, the appellees failed to specify what conduct constituted a
breach of any potential duty owed by Dollar General.  








While the evidence
presented could potentially support a "premises defect" cause of
action, appellees pursued a premises liability cause of action under an
entirely different set of allegations, and the trial court found Dollar General
liable based on negligence.[5]  The appellees' evidence did not establish
what duty Dollar General owed them as neighboring tenants in the same shopping
center, or how Dollar General's actions or omissions breached any duty owed to
the appellees.  Without first
establishing that Dollar General owed a duty to the appellees, and then how it
breached that duty, this Court cannot assess whether Dollar General's breach
proximately caused the appellees' damages. 
As the appellees' evidence does not establish the requisite elements to
sustain a cause of action for negligence, we conclude that the appellees'
evidence is legally insufficient.[6]  Accordingly, we sustain Dollar General's
first issue on appeal and reverse the lower court's decision.  We do not address the second portion of the
issue, whether or not the evidence was factually sufficient.  See Tex.
R. App. P. 47.1.

IV.  Disposition 








Because we sustain
Dollar General's first and third issues we do not reach Dollar General's other
issues, which would entitle Dollar General to equal or lesser relief.  See TEX. R. APP.
P. 47.1.  We reverse the judgment and
remand the case for further proceedings.                               

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion delivered 

and filed this 4th day of August, 2005.

 











[1] A post-answer default judgment
occurs when an answer has been filed, but the defendant fails to appear at the
trial.  See Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979).  A
post-answer default constitutes neither an abandonment of defendant's answer
nor an implied confession of any issues thus joined by the defendant's
answer.  Id.  Judgment cannot be entered on the pleadings,
but the plaintiff in such a case must offer evidence and prove his case as in a
judgment upon a trial.  Id.

 

 





[2] The
operative standard in a motion for new trial after a dismissal for want of
prosecution is essentially the same as that for setting aside a default
judgment.  Smith v. Babcock &
Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995) (citing Craddock v.
Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939)).

 

 





[3] The court coordinator for the 404th
district court submitted a sworn affidavit confirming the fact that she
received calls from Mr. Harrison's associate, his secretary, and the 189th
district court where Mr. Harrison was in trial, each of which confirmed that
Mr. Harrison would be in trial in Harris County beyond his scheduled trial date
in Cameron County.  





[4] The 404th district court
coordinator's affidavit confirmed that on February 24th, 25th,
and 26th phone calls came into the office, advising her of Mr.
Harrison's status.  Mr. Harrison also
provided similar affidavits from his secretary, his associate, and the 189th
district court coordinator verifying the communications with the 404th district
court's office on multiple days leading up to the trial.





[5]  A plaintiff raising a premises defect claim must show (1) the
owner/operator had actual or constructive knowledge of some condition on the
premises, (2) the condition posed an unreasonable risk of harm, (3) the
owner/operator did not exercise reasonable care to reduce or eliminate the
risk, (4) the owner/operator's failure to use reasonable care proximately
caused the plaintiff's injuries.  Keetch
v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992).  While the appellees' evidence might
potentially support a cause of action based on premises defect, the trial court
did not find Dollar General liable based on a premises defect claim.  Further, with regard to their premises defect
claim, appellees specifically plead that the "defendants failed to
exercise ordinary care to protect the plaintiffs by failing to adequately warn
plaintiffs of the lack of or incomplete fire wall and fire prevention devices
such as a sprinkler system." However, the appellees presented no evidence
at trial concerning Dollar General's lack of a fire wall or fire prevention
devices.  Instead, appellees focused
primarily on a faulty light fixture and electrical problems, a liability theory
which appears nowhere in the appellees' pleadings. 





[6] The appellees also invoked the
doctrine of res ipsa loquitor in their pleading.  To be entitled to a res ipsa judgment,
the plaintiff must show both (1) that the character of the injury is such that
it could not have occurred without negligence, and (2) that the instrumentality
causing the injury was under the sole management and control of the defendant.  Haddock v. Arnspiger, 793 S.W.2d 948, 950
(Tex. 1990).  Appellees' own expert
witness on fire origin concluded that "incendiary cannot be eliminated as
a cause at this time.  This is the second
fire in eighteen days in a Dollar General store in the Rio Grande
Valley."  Because incendiary cannot
be eliminated as a cause of the fire and resulting damage, the appellees'
damages could have occurred without negligence. 
Id.